HARRIET K. SKIPWITH et al., Plaintiffs, *v.* FEDERAL WATER AND GAS CORPORATION, Defendant.

Supreme Court, Special Term, New York County, July 3, 1945.

*Oscar S. Blinn* for plaintiffs.

*Allen S. Hubbard* for defendant.

EDER, J. On October 31, 1941, a consolidation of certain Delaware corporations was effected pursuant to the laws of that State, and the defendant is the resulting or surviving corporation. The plaintiffs were stockholders in one of the corporations and objected to the merger; as permitted by section 61 of the Delaware Corporation Law (Revised Code of Delaware [1935], § 2093) the plaintiffs demanded that the value of their stock be appraised as of said date of consolidation and appraisers were appointed; on January 15, 1943, the appraisers made their decision and gave notice of the values found by them. Said section 61 declares that: " The decision of the appraisers as to such value of such stock shall be final and binding upon the corporation and such stockholder."

This statute does not provide for the payment of interest on the value of the stock as fixed by the appraisers. Section 61 also declares that the cost of any such appraisal, including a reasonable fee to each of the appraisers, may on application of any party in interest be determined by the chancellor and taxed upon the parties to such appraisal, or either or both of them, as may appear to be equitable.

Section 61 contains the further provision that in case the value of such stock as so fixed by the appraisers is not paid to such stockholder within sixty days from the date of such decision and of notice thereof given to the corporation, the decision of the appraisers shall be evidence of the amount due from the corporation and that such amount may be collected as other debts are by law collectible from the resulting or surviving corporation.

Inasmuch as the appraisers' decision as to the value of the stock is conclusive, final and binding upon the parties, it seems to me that the only purpose which the sixty days' provision is intended to serve is to give the corporation an opportunity within that time to make application to the chancellor for an

order to tax the cost of the appraisal on the nonassenting stockholder, and to suspend during this period all action on his part to compel payment by the corporation of the sum so fixed as the value of his stock; this is logical and understandable since any sum taxed by the chancellor against such stockholder would be deductible from the sum due from the corporation, and it is but reasonable that during this allowable interval for such optional action by the corporation, the stockholder's right to enforce payment should be withheld.

Where no such application is made within the said sixty-day period it is proper to hold that the corporation must be deemed to have waived any claim against the stockholder for appraisal cost and held to be estopped from thereafter asserting it, having foregone the opportunity which the statute afforded. It seems, too, that upon the failure of the corporation to make payment after the expiration of the sixty-day period, it constitutes an unequivocal admission by the corporation that it is indebted to the stockholder in the amount fixed by the appraisers; such I think is the meaning and intent of the phrase " the decision of the appraisers shall be evidence of the amount due from the corporation," which is followed by the further provision that the said sum may thereupon be collected from it.

Since in the case at bar the defendant never made application to the chancellor to tax the plaintiffs with the whole or any part of the cost of the appraisal, it must be held to be barred from now asserting such a claim against the plaintiffs.

This action is brought by plaintiffs under and pursuant to the provisions of said section 61 to recover the appraised value of their stock, and they also seek to recover interest thereon from the date of the consolidation. The answer contains a counterclaim against each plaintiff whereby the defendant seeks to recover from each one a share of the cost of the mentioned appraisal.

With respect to the plaintiffs' claim to interest, the defendant's position is that as section 61 does not provide for interest, it follows that interest is not recoverable.

Plaintiffs move under rule 113 of the Rules of Civil Practice for summary judgment in their favor; the defendant by cross motion moves under said rule to dismiss the complaint as wanting merit and for summary judgment on the counterclaims.

Having concluded, for the reasons stated, that defendant is precluded from asserting such claims against the plaintiffs, and which are the basis of the mentioned counterclaims, it follows

that the cross motion to dismiss the complaint and, also, for an order for summary judgment must be denied, and plaintiffs' motion for summary judgment granted. The only question remaining is whether plaintiffs are entitled to interest upon the amounts found to be due them by the appraisers acting under section 61 and from what period of time the interest is to be computed. I am of the opinion that the plaintiffs are entitled to recover interest on the said amounts despite the fact that section 61 makes no provision therefor.

The right of a dissentient stockholder to interest on the amount of an award fixing the value of his stock at the time of amalgamation with another corporation has been the subject of conflicting views.

In *Matter of Trask* v. *Peekskill Plow Works* (6 Hun 236 [1875]), the General Term of this department held, in construing section 2 of chapter 960 of the Laws of 1867 that the objecting stockholder was not entitled to interest upon the value of his stock until the report of the appraisers establishing its value.

In *In Re United States Cable Co.* (48 L. J. Ch. 665 [1879]), Bacon, V. C., held that interest is payable in such a case only from the date when payment of the amount awarded is demanded, overruling the contention of the protesting stockholder that he was entitled to interest from the day when he voiced his objection to the amalgamation.

In *Jones* v. *Missouri-Edison Electric Co.* (233 F. 49 [1916]), the consolidation occurred on September 9, 1903, and the Circuit Court of Appeals held that the stockholder was entitled to interest from that day.

In *Matter of Erlanger* (237 N. Y. 159 [1923]) the court held, in construing the then section 17 of the Stock Corporation Law, that interest ran only from the time of the confirmation of the award by the court.

The *Trask* and *Erlanger* cases (*supra*) proceeded on the theory that until there was a completed valuation of the stock the dissenting stockholder had merely a claim in an unliquidated sum; hence, interest would run only from the time the claim was finally liquidated as to the amount which, as said, the *Erlanger* case (*supra*) held would be only from the time of confirmation by the court. It may be remarked in this connection that, unlike the New York statute which requires confirmation by the court to make the appraisers' award decisive, the Delaware law (§ 61) contains no such requirement; thereunder the decision of the appraisers requires neither the

approval of nor confirmation by the chancellor to make it effective but it automatically becomes final and binding upon the parties; it is not subject to review or correction and partakes of the finality of a judicial adjudication.

Counsel state that there is no ruling by the courts of Delaware on the question whether interest does or does not run on the amount of the appraised value of the stock. Regarding the defendant's contention that as section 61 of the Delaware Corporation Law does not provide for interest on the appraised value of the stock, the defendant is therefore not required to pay any interest at all, it is an untenable claim and as far as my research has revealed it is without support in any reported case.

In the above-cited cases the statutes made no provision for interest on the amount of the appraised value of the stock; yet the courts were in complete accord that interest thereon was recoverable; the divergence of views related only to the time from which the interest should run.

It seems to me that the rule to be applied in such a situation and the one most conducive to justice is that adopted in the *Jones* case (233 F. 49, *supra*), and by the New York Legislature in amending present section 21 of the Stock Corporation Law (L. 1934, ch. 764), namely, that interest runs from the date of the consolidation to which objection was made, for it is from that time, i.e., from the effective date of the consolidation that the nonassenting stockholder loses all his rights, privileges and benefits as a stockholder and all of which thenceforth enure to the resulting or surviving corporation. As a matter of simple justice it would seem that he should have interest on the amount determined as the value of his stock from the time he is deprived of it.

The peculiar situation which a case of this type presents seems to call for the adoption of this principle; it is a more enlightened and progressive view as exemplified by the mentioned amendment to section 21 of the New York Stock Corporation Law, and it is also in accord with the rule announced in the *Jones* case (*supra*); said section 21 now expressly provides for an award of interest on the value of such stock as ultimately determined '' from the date of taking the action to which the objection was made '', which obviously means from the date of the consolidation.

While the New York statute is not controlling on the construction of the statutes of another State, yet the mentioned amendment has its value and weight as indicating the latest

trend to consider the value of the stock — for the purpose of computing the interest — though actually ascertained and determined at a later date, as if such was its value on the day of the consolidation and to allow interest to run from that time.

If on October 31, 1941, the value of the stock was known, the plaintiffs would have been entitled to interest from that date. Under the *Jones* case (*supra*), and under said section 21, the sum which is ultimately determined to be the value of the stock is, for the purpose of computing the interest, rolled back to the day of consolidation and is considered as constituting the indebtedness of the corporation to such stockholder on that day; this, I am inclined to feel, is a conclusion founded in logic and, as well, in justice; and, in the absence of a ruling on this question by the courts of Delaware, I am disposed to hold that interest is recoverable by the plaintiffs from October 31, 1941, the date of the consolidation, and they are entitled to judgment accordingly, with interest at the rate of 6% per annum.

The motions are disposed of as indicated. Settle order.