JOHN A. MEADE,

Complainant Below, Appellant,

vs.

PACIFIC GAMBLE ROBINSON CO.,

Respondent Below, Appellee.

PACIFIC GAMBLE ROBINSON CO.,

Respondent Below, Appellant,

vs.

JOHN A. MEADE,

Complainant Below, Appellee.

*Supreme Court, On Appeal, March 25, 1948.*

510

RICHARDS, C. J., and TERRY, CAREY and PEARSON, JJ., sitting.

*William S. Potter* and *Richard F. Corroon,* of the firm of Southerland, Berl & Potter, and *W. G. McLaren,* of Seattle, Wash., for John A. Meade.

*Hugh M. Morris* and *Alexander L. Nichols,* of the firm of Morris, Steel, Nichols & Arsht, for Pacific Gamble Robinson Co.

PEARSON, J., delivering the opinion of the court:

The complainant, Meade, was a shareholder of a corporation which was merged with another. The defendant, Pacific Gamble Robinson Co., is the surviving corpo-

ration. Complainant obtained an appraisal of his shares pursuant to *Section* 61 of the *Delaware Corporation Law, Rev.Code of Del.* (1935) § 2093, *as amended by* 43 *Laws of Del. c.* 132, § 16, p. 468 (under the provisions existing prior to the 1943 amendment of the act [44 *Del.Laws, c.* 125, § 5]). The main question is whether defendant must pay interest from the date of the merger on the value of the shares fixed by the appraisers.

The case began in Chancery by a petition of complainant for the appointment of a third appraiser under *Section* 61. The court appointed an appraiser who, together with the two appraisers designated by the parties, fixed a value of the shares. Later, defendant filed a petition in the original proceeding to compel complainant to assign to it his certificates for shares held in the merging company, upon payment to him of the amount of the appraisers' award; and to obtain the taxing of costs. Complainant took the position that he was entitled to the appraised value plus interest from the date of the merger. Upon motion of complainant, pending a hearing on defendant's petition, the Vice-Chancellor ordered defendant to pay the full amount of the appraisers' award so that complainant might at once receive all of it except $10,000, which sum was to be held in the registry of the court subject to further order; and likewise ordered complainant to deposit the certificates for his shares in the registry. After a hearing, the Vice-Chancellor held that interest on the award should not begin to run until sixty days after the decision of the appraisers and notice to defendant. Complainant assigns this part of the decree as error. The Vice-Chancellor taxed the costs against defendant. In its appeal, defendant assigns as error the taxing of all costs against it, and also the exclusion from costs of certain of its expenses in connection with the appraisal. The decree entered recites that the court was advised that complainant intended to prosecute an appeal. It then provides that the certificates for complainant's shares and the $10,000

deposited under the previous order be retained in the registry of the court pending the outcome of the appeal.

*Section* 61 of the *Corporation Law,* prior to the 1943 amendment, provided as follows:

"Consolidation or Merger; Payment for Stock of Dissatisfied Stockholder:—If any stockholder in any corporation of this State consolidating or merging as aforesaid, who objected thereto in writing, shall within twenty days after the date on which the agreement of consolidation or merger has been filed and recorded, as aforesaid, demand in writing from the corporation resulting from or surviving such consolidation or merger, payment of his stock, such resulting or surviving corporation shall, within three months thereafter, pay to him the value of his stock at said date, exclusive of any element of value arising from the expectation or accomplishment of such consolidation or merger. If within thirty days after the date of such written demand the corporation and such stockholder fail to come to an agreement as to such value of such stock, such stockholder may demand an appraisal of his stock by three disinterested persons, one of whom shall be designated by the stockholder, one by the directors of the resulting or surviving corporation and the other by the two designated as aforesaid and may serve written notice on such corporation designating therein one appraiser and requiring the corporation to designate a second appraiser within thirty days from the date of service of such notice. If within thirty days from the date of service of such notice the corporation shall have failed to designate a second appraiser or if the two appraisers first designated shall fail to designate a third appraiser within thirty days from the designation of the second appraiser, such stockholder may apply to the Chancellor to designate a second and a third appraiser, or a third appraiser, as the case may be. The decision of the appraisers as to such value of such stock shall be final and binding upon the corporation and such stockholder. In case the value of such stock as so fixed by the appraisers is not paid to such stockholders within sixty days from the date of such decision and of notice thereof given to the corporation, the decision of the appraisers shall be evidence of the amount due from the corporation, and such amount may be collected as other debts are by law collectible from the resulting or surviving corporation. Upon receipt of payment in full of the value of such stock, such stockholders shall transfer his stock to the said resulting or surviving corporation, to be disposed of by the directors thereof, or to be retained for the benefit of the remaining stockholders.

"The cost of any such appraisal, including a reasonable fee to each of the appraisers, may on application of any party in interest be deter-

mined by the Chancellor and taxed upon the parties to such appraisal, or either or both of them, as may appear to be equitable."

Complainant elected to avail himself of the benefits of the statute to obtain a payment in money for his shares instead of accepting whatever would have been his rights under the merger agreement. Complainant claims as a benefit the right to interest from the date of the merger, or at least, from a date three months after the merger. This latter is based on the statutory direction that a surviving corporation shall, within three months after the merger, pay the value of the stock at the date of the merger.

The statute makes no mention of interest. It employs express terms in designating what the corporation shall pay, what the stockholder and the corporation may agree upon, and what the appraisers are authorized to fix or decide. In each instance, this is the value of the stock at the date of the merger. The value "as so fixed by the appraisers" is what the corporation should pay within sixty days from their decision and notice to the corporation. Their decision as to the value is final and binding upon the parties and is "evidence of the amount due from the corporation." The statute makes "such amount" collectible from the surviving corporation "as other debts are by law collectible." In our view, these express provisions seem rather to negative than to suggest an implication that interest on the value fixed by the appraisers (for any period prior to sixty days from the appraisers' decision and notice) should be allowed as a benefit to stockholders who proceed under the statute.

Complainant argues that his claim for interest is supported by the Delaware law which allows interest as a part of damages in certain actions at law, tort and contract, citing *Superior Tube Co. v. Delaware Aircraft Industries, (D.C.)* 60 *F.Supp.* 573, and authorities referred to in that opinion. The cases in which interest is allowable (excluding those involving express statutory provisions for interest) have a common characteristic in that

they concern some legal wrong done to the plaintiff; that is, some breach of express or implied contract, violation of duty, unlawful conversion, or other legal transgression or default. Interest is computed as an integral part of the ascertainment of the damages to be assessed, and usually, from the date of the legal wrong. Here, the action of the merging corporations did not constitute a legal wrong to complainant. There was full statutory warrant for doing what was done. Nor did the corporation subsequently do anything which violated complainant's rights, at least up to the end of the sixty-day period after the appraisers' decision and notice to the corporation. Failure of the corporation to pay the value of the stock within three months after the merger was not a default or violation of duty. The three-months direction must be considered with relation to the rest of the statute. When so considered, it is apparent that the direction is designed for situations where the corporation and the shareholder come to an agreement as to the value of the stock within thirty days after the merger. Insofar as the statute indicates, failure to reach an agreement should no more be treated as a default of the corporation than of the shareholder. The appraisal and agreement methods of ascertainment of value are of equal legality. For situations where resort is had to the appraisal method, the statute prescribes a specific period of sixty days during which the corporation should pay the appraisers' award and after which the amount of the award becomes collectible. Defendant complied with what was required of it under *Section* 61, and thus violated no duty it owed complainant (at least up to the end of the sixty-day period after the appraisers' decision and notice). This, we think, makes inapplicable the law action interest cases and also cases cited involving mergers or sales of assets which were *ultra vires* or otherwise illegal. Because of the absence of provisions for interest in the statute and because the actual provisions seem inconsistent with its allowance, we conclude that the benefits afforded stockholders who do not wish to go along with a merger do

not include interest upon the appraisers' award from the date of the merger or from a date three months after the merger.

In so deciding, we have not overlooked the cases of *Skipwith v. Federal Water and Gas Corporation,* 185 *Misc.* 248, 56 *N.Y.S.* 2d 804 and *In re Plummer,* decided by Judge Moncure of the Chancery Court of the City of Richmond in 1933 (opinion not reported), which support complainant's contention. From the opinions, it would appear that the courts were largely influenced by their notions of "simple justice". In face of the plain provisions of our statute, we think irrelevant any opinions we might entertain as to whether the exclusion of interest seems just or unjust in this case, or in some cases, or in most cases. We decline to follow these authorities.

Complainant argues that even if a dissenting stockholder "is not entitled to interest as a matter of legal right, interest should be awarded" to complainant "in the exercise of equitable discretion" in view of substantial benefits derived by defendant from complainant's investment since the date of the merger. (Defendant denies that there were substantial benefits to it.) In this connection, Vice-Chancellor Seitz, said [29 *Del.Ch.* 406, 420, 51 *A.2d* 313, 320]: "When, as here, the statute creates the remedy involved in the proceeding, and there is no illegality or other wrongful conduct on the part of the corporation, I think this court cannot properly grant interest on the basis of the general power" (of the Court of Chancery). We agree with the Vice-Chancellor's reasoning and conclusion. Accordingly, we hold that interest is not allowable on the appraisers' award for any period prior to the expiration of sixty days from the appraisers' decision and notice. There is no dispute with respect to interest after that time.

We come now to the question of costs. The Vice-Chancellor taxed against defendant all costs allowed. De-

fendant contends that the costs should have been apportioned equally between the parties and should have included additional items. The statute confides the apportionment of costs to the discretion of the Court of Chancery. To justify a modification of the order for costs, we should have to find an abuse of judicial discretion. This we do not find. It is reasonable to construe the statute as permitting the Court of Chancery to tax all appraisal costs against the surviving corporation where there appears no basis for concluding that the shareholder acted in bad faith, or occasioned unnecessary expense, or made use of the procedure for the purpose of being "bought off" by the corporation rather than for the purpose of obtaining a fair value for his shares. The practice in the Court of Chancery and the order in this case are consistent with that construction. It is unnecessary to consider whether the excluded items of defendant's expenses should have been included as costs. The taxing of the costs below will not be disturbed. However, we notice that Vice-Chancellor specifically allowed as costs the amount of the deposit with the Register in Chancery paid by complainant at the institution of the proceeding. We assume that the specification of this item was not intended to modify the general practice that at the conclusion of a case, when costs are paid, the amount of the deposit is returned to the depositing party or credited against any costs he is required to pay.

The decree of the Court of Chancery should be affirmed, with costs of each appeal against the appellants, respectively.