LESTER McKINLEY JOHNSON, Defendant Below, Appellant, v. STATE OF DELAWARE, Plaintiff Below, Appellee.

*(December* 2, 1965)

WOLCOTT, C. J., and CAREY and HERRMANN, J. J., sitting.

*Nicholas H. Rodriguez,* of Schmittinger & Rodriguez, for defendant below, appellant.

*Merrill C. Trader,* Deputy Atty. Gen., for plaintiff below, appellee.

Supreme Court of the State of Delaware, No. 23, 1965.

HERRMANN, Justice:

The question before us is whether the defendant may be convicted under an indictment as a principal though found to be an accomplice.

The defendant was indicted for burglary in the fourth degree, charged as a principal. At the trial, there was evidence that the defendant drove two others to the scene of the crime, but that he remained in the automobile while the others entered the building. After deliberating for about an hour and a half, the jury submitted to the Court the following question:

"Is a person just as guilty if he stays in the car as the ones that actually broke and entered?"

After conferring with counsel, the Court called in the jury and gave it the following supplemental instruction:

"Now, your second question, I will answer this way: It is the law of this State that where there is a breaking and entering and property is stolen, and there are two, three, or more people present, though one may take no particular active part in the breaking and entering or stealing of the property, yet if he is present, aiding, procuring, or counseling with the other or others, under the law of this State he is equally guilty with the person or persons who actually take the property.

"Now, if you should find in this case, from the evidence, that this defendant was sitting in the automobile aiding and abetting the two persons who went into the building, then in that case you could find him guilty under this charge. Is that clear?"

No objection was made to this instruction; the jury retired again; and within ten minutes returned a verdict of guilty. The defendant appeals on the ground that the supplemental instruction constituted reversible error.

 First, there is the matter of whether the question is properly before us for review, in the absence of a timely objection under Superior Court Criminal Rule 30(a).[1] In view of the time sequences before and after the jury's query, and because it appears to us that the defendant probably would have been acquitted if the supplemental instruction were given in accordance with the defendant's contention, we think that, if error, it was basic and fundamental error, such as to fall within the category of "plain error" noticeable by this Court under Superior Court Criminal Rule 52(b)[2], lack of proper

---

[1] Superior Court Criminal Rule 30(a) provides in part:
"* * * Except with special permission of the court, no party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

[2] Superior Court Criminal Rule 52(b) provides:
"Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

objection notwithstanding. Accordingly, we turn to the merits of the question.

■ Relying upon *Schwartz v. State,* 7 W.W. Harr. 484, 185 A. 233 (1936) and *State v. Winsett,* Del. Super., 200 A.2d 692 (1964), the defendant contends that, under the Delaware Statute, an accomplice[3] cannot be convicted under an indictment as a principal; that he must be indicted as an accomplice. We disagree.

At the time of the Schwartz case, the pertinent Statute, 1915 Code ¶ 4806[4] provided that an accomplice shall be deemed "equally criminal as the principal offender, and shall be punished in the same manner, and with the same punishment." This Court held in Schwartz that the Statute then in force did not make an accessory a principal and did not permit the conviction of a defendant as an accessory upon an indictment as a principal. It appears that the Attorney General contended in Schwartz that the established practice in Delaware permitted the indictment of an accessory as a principal. The Court, however, could find "no uniform rule" upon the subject.

Thereafter, in 1939, the Statute was amended by 42 Del. Laws, Ch. 157. The statutory language construed in Schwartz was changed thereby so that, as now appears in 11 *Del. C.* Sec. 102[5], instead of

---

[3]For present purposes, no distinction is made between accomplice and accessory.

[4]1915 Code ¶ 4806 provided:

"4806. Sec. 1. Accomplices; Degree of Guilt of; How Punished; When to Suffer Highest Degree of Punishment; How Triable; Acquittal of Principal no Bar to Prosecution of:—Whoever shall abet, procure, command, or counsel any other person, or persons, to commit any crime, or misdemeanor, shall be deemed an accomplice and equally criminal as the principal offender, and shall be punished in the same manner, and with the same punishment.

"But if the principal offender be under the age of fourteen years, and the crime committed not capital, the accomplice, if of full age, shall suffer the highest degree of punishment prescribed for the offense.

"An accomplice may be prosecuted, tried and convicted, without the conviction, trial or indictment, of the principal; and an acquittal of the principal shall not be a bar to the trial and conviction of the accomplice."

[5]11 *Del. C.* Sec. 102 provides:
"Sec. 102. Principal and accomplice

being "equally criminal as the principal offender", an accomplice became "guilty of the same crime or offense as the principal." Under the Amendment, the accomplice remained punishable "in the same manner and with the same punishment as the principal."

The change in the Statute was significant, we think, especially in the light of the then-recent Schwartz decision. It is assumed, of course, that the General Assembly was aware of the Schwartz decision of 1936 at the time of its enactment of the 1939 Amendment.

It is our opinion that, by the Amendment of 1939, the Legislature intended to overcome and change the effect of the Schwartz case so as to permit the conviction of an accomplice under an indictment as principal. The sequence of events, the position of the Attorney General as recorded in the Schwartz case, the practicality of the change in the administration of criminal justice, the nature of the amendatory language adopted — all lead us to that conclusion.

We hold, therefore, that the Schwartz case no longer states the law correctly under our present Statute; and the same must be said of the ruling of the Superior Court in the Winsett case which followed this Court's decision in Schwartz.

----

"(a) Whoever commits a crime or offense against the State is a principal.

"(b) Whoever wilfully causes an act to be done which if directly performed by him or another person would be a crime or offense against the State is punishable as a principal.

"(c) Whoever aids, abets, procures, commands or counsels any other person to commit a crime or offense against the State is an accomplice and is guilty of the same crime or offense as the principal.

"(d) An accomplice may be punished in the same manner and with the same punishment as the principal, or the Court may in its discretion impose a punishment of lesser degree upon an accomplice than upon the principal notwithstanding the accomplice and the principal may have been indicted, tried and convicted under the same indictment or information. If the principal is under 14 years of age and the crime committed is not a capital offense, the accomplice, if of full age, shall suffer the maximum punishment prescribed for the offense.

"(e) An accomplice may be prosecuted, tried and convicted without the indictment.

Accordingly, we conclude that, under 11 *Del. C.* Sec. 102, a defendant may be convicted under an indictment as principal though found to be an accomplice. We find no error, therefore, in the supplemental jury charge as given in the instant case.

The judgment below is affirmed.