John L. **LOEB** et al., trading as Loeb, Rhoades & Co., Petitioners,

v.

**SCHENLEY INDUSTRIES, INC.,**
Defendant.

Court of Chancery of Delaware,
New Castle.

Dec. 10, 1971.

Irving Morris, of Cohen, Morris & Rosenthal, Wilmington, and Julius Levy and Daniel W. Krasner, of Pomerantz, Levy, Haudek & Block, New York City, for petitioners.

S. Samuel Arsht and William O. LaMotte, III, of Morris, Nichols, Arsht & Tunnell, Wilmington, and Fried, Frank, Harris, Shriver & Jacobson, New York City, for defendant.

MARVEL, Vice Chancellor:

Petitioners seek an appraisal of the value of their shares of common and convertible preferred stock issued by the defendant Schenley Industries, Inc., such shares having been eliminated as the result of a recent merger involving such corporation. Petitioners having moved for the entry of a partial summary judgment fixing a minimum value for their shares, a value which they claim is uncontroverted on the present record, defendant has moved to dismiss petitioners' motion as having no basis in law. This is the Court's decision on defendant's motion.

■ Petitioners' action arises under the terms of 8 Del.C. § 262, which grants a shareholder, who seasonably and properly objects to the terms of a merger affecting his shares, a right to demand and receive payment for the value of his investment. The statute in question purports to furnish an exclusive remedy to a dissenting shareholder and is to be distinguished from a stockholder's common law right to seek to have a merger enjoined, Meade v. Pacific Gamble Robinson Co., 29 Del.Ch. 406, 51 A.2d 313, affirmed 30 Del.Ch. 509, 58 A.2d 415.

The procedure set forth in § 262, in a case such as the one at bar, provides for the appointment of an appraiser by this Court, who is then charged with the duty of making a determination of the value of the shares held by a dissenting shareholder who has perfected his objection. Such appraisal is then based on the records of the corporation and whatever other relevant evidence is presented by the parties to the proceeding. The appraiser thereafter reports his findings to the Court which then makes its own determination of the value of the dissenting shares.

■ The provisions of § 262 furnish an orderly method for withdrawal from a corporation by shareholders who dissent from a merger or consolidation, and petitioners evidently concede that the method to be employed in valuing their shares is not unfair or partial. Rather, petitioners seek to have the Court make a preliminary determination (without benefit of an appraiser's report), fixing a minimum value for their shares and ordering the payment of such value pending formal appraisal.

No basis exists in either the statute itself or in the case law construing such statute for such an abridgment of the duties of appraisal conferred on the appraiser and the Court. In fact, the converse has been held in Meade v. Pacific Gamble Robinson, supra. See also Felder v. An-

derson, Clayton & Co., 39 Del.Ch. 76, 159 A.2d 278, a case in which the Court refused to exercise claimed discretionary powers so as to give its approval to the payment of a minimum value agreed on by the parties and thus pro tanto reduce the amount of interest for which the resulting corporation would be liable pending the appraisal.

Petitioners, however, invoke two basic principles, which, they argue, should be applied to modify the rigid statutory scheme set forth in 8 Del.C. § 262. They first argue that on general equitable principles they should not be forced involuntarily to subsidize the defendant during the period of time required to complete the statutory appraisal procedure. The simple answer to this contention is that the right to an appraisal in a merger proceeding is entirely a creature of statute. Petitioners having chosen such course of action, they are remitted in the interim to their right to interest, the unfair procedure which formerly denied objecting stockholders their right to interest pending appraisal having been remedied by statute.

Secondly plaintiffs assert that the surviving corporation, Glen Alden Subsidiary, Inc., has recently taken actions which threaten its financial security and ability to satisfy the appraisal rights which this Court will ultimately decree. However, such charges are purely conjectural, and even in a time of financial uncertainty in the business world such as now exists it is incredible that the surviving corporation resulting from the merger here involved will so act as to impair its assets to the extent that it will be unable to pay the value of less than 5% of the stock of its former subsidiary, Schenley.[1]

I conclude that inasmuch as petitioners have elected to have their shares appraised in a clearly defined statutory procedure, they must await the outcome of such statutory scheme before receiving payment for their shares with interest.

In view of the conclusion above reached, it will be unnecessary to decide whether or not petitioners' motion falls within the ambit of Rule 56 insofar as it is concerned with partial summary judgment.

On notice, an order may be presented granting defendant's motion to dismiss petitioners' motion for partial summary judgment.

---

1. Prior to the merger, Glen Alden owned 86% of Schenley's stock here involved. Of the remaining 14% of such stock, namely 3,600,000 shares, approximately 1,000,000 shares have purportedly objected to the merger in question and seek appraisal.