FRANCIS I. duPONT & CO. et al.,
Plaintiffs,

v.

UNIVERSAL CITY STUDIOS, INC., a Delaware Corporation, Defendant.

Court of Chancery of Delaware,
New Castle.

Argued June 24, 1975.

Decided July 21, 1975.

Richard F. Corroon, of Potter, Anderson & Corroon, Wilmington, for plaintiffs.

E. N. Carpenter, II, R. Franklin Balotti, Roderick McKelvie, of Richards, Layton & Finger, Wilmington, and Cyrus R. Vance, of Simpson, Thacher & Bartlett, New York City, for defendant.

## OPINION AND ORDER ON PLAINTIFFS' CLAIM FOR THE PAYMENT OF ADDITIONAL INTEREST; CLAIM DENIED

QUILLEN, Chancellor:

Some of the history of this statutory stock appraisal case is set forth in a reported opinion of this Court, *Francis I. duPont & Co. v. Universal City Studios, Inc.,* Del.Ch., 312 A.2d 344 (1973) and in an affirming reported opinion of the Supreme Court, *Universal City Studios, Inc. v. Francis I. duPont & Co.,* Del.Supr., 334 A.2d 216 (1975). The current dispute after remand centers on the amount of interest to be paid as part of the award and is submitted by stipulation, briefing and argument.

On December 7, 1973, this Court entered an order, pursuant to 8 Del.C., § 262(f) and (h), finding the fair value of each share of the common stock of Universal Pictures Company, Inc. ("Universal"), on March 25, 1966, the effective date of the merger of Universal into the defendant, Universal Studios, Inc., to be $92.75 and directing defendant to make payment of $92.75 per share to the stockholders entitled thereto at 5.23% interest per annum from March 25, 1966 to December 7, 1973.

The pertinent portion of this Court's order, paragraphs 2 through 4, reads as follows:

"2. The fair value of each share of common stock of Universal Pictures Company, Inc., on March 25, 1966, the effective date of the merger of Universal Pictures Company, Inc., with and into Universal City Studios, Inc., is $92.-75.

"3. The stockholders whose names are set forth in the Court's Order of February 9, 1967, are entitled to payment for their respective shares of Universal Pictures Company, Inc., in the amount determined to be the value of such shares in paragraph 2 above.

"4. The defendant is directed to make payment of said $92.75 per share to the stockholders entitled thereto with 5.23 percent interest per annum from March 25, 1966, to the date hereof—upon receipt by the defendant of the certificates representing such shares from such stockholders, who are hereby directed to deliver the certificates representing such shares to the defendant for cancellation."

On January 20, 1975, in its opinion affirming the order of this Court,* the Supreme Court said in its concluding sentence:

"The 5.23 per cent interest per annum awarded to plaintiff from March 25, 1966 to December 7, 1973 is approved, with post-judgment interest accruing at 6% thereafter."

*Universal City Studios, Inc. v. Francis I. duPont & Co., supra,* at 334 A.2d 223.

The stipulation of the parties reads as follows:

"Plaintiffs and defendant agree that the value of the judgment entered on December 7, 1973, was $3,413,731.98, which included interest at 5.23 percent per annum of $980,435.73. The parties do not agree whether post-judgment interest of six percent accrues on the $980,435.73.

"Nevertheless, defendant has paid plaintiffs an amount calculated by accruing interest at the rate of 5.23 percent per annum on the principal amount of $2,433,296.25 ($92.75 for each of the 26,235 shares of Universal owned by plaintiffs) from March 25, 1966, to December 7, 1973, and at the rate of six percent on such principal amount from December 7, 1973, to the date of payment. In accepting such payment, plaintiffs who are parties to this stipulation reserved their right to contend that they were entitled to receive from defendant post-judgment interest at the rate of six percent from December 7, 1973, to the date of payment on the full value of the judgment of $3,413,731.98, and defendant reserved its right to contest plaintiffs' contention."

The statute, 8 Del.C., § 262(f) and (h), reads in pertinent part as follows:

"(f) . . . The Court shall by its decree determine the value of the stock of the stockholders entitled to payment therefor and shall direct the payment of such value, together with interest, if any, as hereinafter provided, to the stockholders entitled thereto by the surviving or resulting corporation upon the transfer to it of the certificates representing such

---

* The Supreme Court found no abuse of discretion as to the award of interest.

stock, which decree may be enforced as other decrees in the Court of Chancery may be enforced . . . ."

"(h) . . . The Court may, on application of any party in interest, determine the amount of interest, if any, to be paid upon the value of the stock of the stockholders entitled thereto."

Professor Folk, in his treatise, *The Delaware General Corporation Law, A Commentary and Analysis (1972),* provides a useful background on Section 262 at pages 389–390. It reads as follows in the next paragraph with Professor Folk's footnote case citations and a couple of other references added in the body of the text by me.

"The Court . . . has discretion under § 262(h) to determine, upon application of an interested party, the amount of interest, if any, to be paid on the value of the dissenters' shares. At one time the statute did not authorize the granting of interest. The Court held that the right of appraisal was a statutory remedy whose contours are defined exclusively by the statute. [*Meade v. Pacific Gamble Robinson Co.,* [29] Del. Ch. [406], 51 A.2d 313, 316–321 (1947), aff'd, Del.Supr., [30 Del.Ch. 509] 58 A.2d 415 (1948).] Therefore, the court could not exercise its equitable powers to grant interest from the date of the merger but could only allow interest from the time that the parties were entitled to enforce the award at law. [*Id.* at 51 A.2d 320; *In re General Realty & Utilities Corp.,* [29] Del.Ch. [480], 52 A.2d 6, 16 (1947).] However, since § 262 now authorizes payment of interest, the courts will allow interest from the effective date of the merger to the date of payment of cash. [47 Del.Laws, Ch. 136, § 7 (1949); *Sporborg v. City Specialty Stores, Inc.,* [35] Del.Ch. [560], 123 A.2d 121, 127 (1956).] And as the statute does not fix the interest rate, the matter is one for judicial discretion. [*Id.; Felder v. Anderson, Clayton & Co.,* [39] Del.Ch. [76], 159 A.2d 278, 287

(1960); *Swanton v. State Guaranty Corp.,* Del.Ch., 215 A.2d 242, 247 (1965).] The stockholders apparently must show the appropriate rate of interest for the relevant period, [*Sporborg v. City Specialty Stores, Inc., supra* at 123 A.2d 127], but absent such evidence or if the parties are willing to abide by the court's independent judgment [see *Swanton v. State Guaranty Corp., supra* at 215 A.2d 247], the court will itself fix the interest rate. [See *Sporborg v. City Specialty Stores, Inc., supra* at 123 A.2d 127 (4 percent); *Felder v. Anderson, Clayton & Co., supra* at 159 A.2d 287 (4.75 percent); *Swanton v. State Guaranty Corp., supra* at 215 A.2d 247 (5 percent).] The court will not employ any 'arbitrary presumption' as to the interest rate, but will seek 'to find a rate which will fairly compensate plaintiffs for the fact that they were deprived of the use of their money for' the period from the merger's effective date to the payment date. [*Felder v. Anderson, Clayton & Co., supra* at 159 A.2d 287. See also *Universal City Studios, Inc. v. Francis I. duPont & Co., supra* at 334 A.2d 222.]"

◼️ With the factual and legal background, I turn to the contentions of the parties. Initially, the defendant argues the Supreme Court opinion in this case forecloses the contention of the plaintiffs. By reference to the plaintiffs' brief in the Supreme Court, the defendant concludes that the opinion of the Supreme Court necessarily rejected any effort to compound interest and effectively determined the question now raised by plaintiffs. The plaintiffs deny that they argued in favor of compound interest in the Supreme Court and say the portion of the brief noted merely was argument in support of the proposition that a 5.23% interest rate was unjust. I am satisfied that the Supreme Court did not focus on the precise contention now first raised after remand and this Court is free to reach its own determination. In this regard, I should specifically

note that the language of the last sentence in the Supreme Court's opinion does not, in my judgment, dictate a result one way or the other on the question now raised. Moreover, the form of order entered by this Court on December 7, 1973 is not particularly helpful, although it should be noted that it is expressed, as one would expect in an appraisal case, in a principal amount per share with a specified rate of interest and not in terms of a lump sum.

It should also be noted, as Vice Chancellor Marvel did in a July 8, 1975 unreported opinion in *Gibbons v. Schenley,* C.A. No. 3746, that the problem in this case may be somewhat unusual. Orders in appraisal cases appear to have generally provided for interest in the amount fixed from the date of the merger until the date of payment, and not merely until the date of order as here.** See *Sporborg v. City Specialty Stores, supra.* Indeed, as the defendant's brief points out, the plaintiffs in this case proposed a form of order (Docket No. 89) which would have directed the payment of interest from the date of the merger "to the date of payment."

Nonetheless, the plaintiffs argue that they are not seeking any unusual relief nor, they say, are they seeking compound interest. They contend they are merely seeking application of the usual rule that interest on a judgment runs on the full amount of the judgment, including any prior interest therein contained. 45 Am. Jur.2d, Interest and Usury, § 78; *Missouri-Kansas Pipe Line Co. v. Warwick,* Del. Supr., 25 Del.Ch. 388, 22 A.2d 865 (1941); *Louisville & N.R.R. v. Sloss-Sheffield Co.,* 269 U.S. 217, 46 S.Ct. 73, 70 L.Ed. 242 (1925); *Johnson v. Hazen,* 333 Mass. 636, 132 N.E.2d 391, 393 (1956); *North Drive-In Theatre Corp. v. Park-In Theatres,* 248 F.2d 232, 239–240 (10th Cir. 1957).

■ It may be that any compounding that might occur by allowing post-judgment interest on a judgment that includes pre-judgment interest is merely an application of an ordinary legal standard for the commencement of the running of simple interest, created by the entry of judgment, and not a special application of compound interest. But it cannot be denied that there is some compounding effect which runs contrary to the view that only simple interest should be allowed in appraisal actions. *Sporborg v. City Specialty Stores, supra; Universal City Studios v. Francis I. duPont & Co., supra.* It is unlikely that the legislature intended that this statutory discretionary award of interest, with the Court balancing the equities, itself would be subject to post-judgment interest as a normal judgment right under a general appraisal case order fixing the value of stock.

■ While the plaintiffs' position is not without surface appeal, it seems to me that it misconceives the special nature of the

---

** Vice Chancellor Marvel's letter opinion said of this case that "when the Supreme Court affirmed the judgment below, it would appear to have had no other way to protect a claimant's right to interest other than to note the running of post judgment interest, as is the case in money judgments entered under the common law as opposed to a statute. . . ." His proposed solution to the interest problem, made in light of the Supreme Court opinion here, was to make the interest award to the date of payment, a future date beyond the appeal period specifically fixed by the order, and to specifically provide that any individual stockholder, who did not appeal and who was not paid by such future date, could move for the entry of an individual money judgment in the amount of the appraised value of his shares with interest. Thus, the proposed order did contemplate a judgment, including interest, but one specially entered and keyed to the corporation's default in making payment by the fixed date of payment. See *Meade v. Pacific Gamble Robinson Co., supra* at 51 A.2d 319–320. The letter opinion proposal did not discuss interest in relation to the time consumed by an appeal.

judgment entered in statutory appraisal cases, including this one. An appraisal is method of paying a shareholder for taking his property. It is a statutory means whereby the shareholder can avoid the conversion of his property into other property not of his choosing. The statutory right is given the shareholder as compensation for the abrogation of the common law rule that a single shareholder could block a merger. *Reynolds Metal Co. v. Colonial Realty Corp.*, Del.Supr., 41 Del.Ch. 183 190 A.2d 752, 755 (1963); *Hariton v. Arco Electronics, Inc.*, 40 Del.Ch. 326, 182 A.2d 22, 25 (1962), aff'd, Del.Supr., 41 Del.Ch. 74, 188 A.2d 123 (1963); *Chicago Corp. v. Munds*, 20 Del.Ch. 142, 172 A.2d 452, 455 (1934).

■ Thus, the whole statutory proceeding is directed toward determining "the value of [the] stock on the date of recording of the agreement of consolidation or merger". 8 Del.C., § 262(b). This overriding purpose of the statute focuses attention on two factors, the value of the stock and the time of the taking.

■ First, as the wording and history of the statute demonstrate, it is the value of the stock that is considered the damage principal for the purpose of the award. *Meade v. Pacific Gamble Robinson Co., supra.* It is stock that is the property subject to the taking and it is the value of the stock which constitutes the measure of the statutory recovery by the judgment. The 1949 amendment, permitting the Court, on application, to "determine the amount of interest, if any" [8 Del.C., § 262(f) and (h)], was a departure from the statutory scheme designed for the limited purpose of fairly compensating the plaintiffs for their inability to use their money. Interest really represents damages for the delay in payment and compensation for the use of plaintiffs' money. *Felder v. Anderson, Clayton & Co., supra* at 159 A.2d 287. It

is not designed to increase the statutory recovery of the principal award and therefore the interest should not itself carry additional interest solely due to the entry of an order.

Second, under the statute, the key date for fixing both liability and damages is the date of the merger. Although the corporation, absent an agreement with the shareholder as to price, has no statutory obligation to pay the value of the stock until the Court enters its decree under § 262(f), the corporation has, in effect, been liable for the taking of the shareholder's property since the date of taking, i. e. the date of merger. The valuation is made as of the date of the merger and is determined "exclusive of any element of value arising from the expectation or accomplishment of ther merger". 8 Del.C., § 262(b). While a certain amount of retrospective analysis and backdating are required, the whole statutory scheme is keyed to the date of the merger because that is the date on which the shareholder's property is taken. The date of the judgment in this context has little significance for the purpose of interest.

The power of a stockholder majority to override minority dissenters and remit them to the cash appraisal remedy is "analogous to the right of eminent domain." *Folk, supra*, § 251, p. 331; *Federal United Corp. v. Havender*, Del.Supr., 24 Del.Ch. 318, 11 A.2d 331, 338–339 (1940); *Meade v. Pacific Gamble Robinson Co., supra*, at 51 A.2d 317. Under our eminent domain statute, interest accrues on the award to the date of payment "from the date of taking possession or from the date of award, whichever first occurs." 10 Del.C., § 6113; *Ames v. Wilmington Housing Authority*, Del.Supr., 233 A.2d 453, 455–456 (1967). Thus, it should be noted that the eminent domain statute, in the case of a taking prior to the award, does not appear to total the amount of the award and inter-

est to the date of the award for the purposes of post-judgment interest. Rather simple interest continues to run from the date of taking. In my opinion, the same procedure should govern in this case in its present context.***

The Court denies the plaintiffs' claim for additional interest. It is so ordered.

*** I do not mean to imply that the Court is bound to award simple interest, as opposed to compound interest, in every case. That discretionary judgment, for this case, it seems to me, has been made and is not before me. I only decide that, absent an express exercise of the Court's discretion for purposes of administrative convenience, there is little significance in the date of the order for interest purposes and compounding effect. But, since interest in an appraisal case is not paid annually or periodically, there is a good argument for compound interest. The case law analysis on the discretion of this Court is not extensive and the *Sporborg* case merely said without analysis and without evidence that "simple interest should be allowed *here*" (emphasis added). I do not interpret that as an inflexible rule of law to be automatically applied in every case.