**Willie Bobby BARNES, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Oct. 15, 1975.

Decided Feb. 10, 1976.

James D. Griffin, Georgetown, for defendant below, appellant.

Merritt Burke, III, Deputy Atty. Gen., Georgetown, and Lawrence B. Steele, III, Georgetown, on behalf of the State of Delaware, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, DUFFY, Justice, and QUILLEN, Chancellor.

HERRMANN, Chief Justice.

Defendant was convicted of first degree murder [11 Del.C. § 636(1)] and robbery in the first degree [11 Del.C. § 832(1)]. He appeals on several grounds including the admission in evidence of the victim's before-death declarations and the Trial Judge's instruction as to accomplice liability.

I.

The robbery of a diner resulted in the shooting of its owner at about 3:00 p. m. Responding to a telephone call, a police detective arrived at the scene at about 3:20 p. m. He found the victim "rolling and twisting" on the kitchen floor of a next-door dwelling. He had been shot in the abdomen, was bleeding profusely, asking

for help, and repeatedly asserting his intense pain.[1]

The detective knelt beside the victim, braced him with a knee, and questioned him during the five minutes required for an ambulance to arrive. Details of the robbery and shooting were developed from the questioning: two black males had arrived in a 1964 model white Oldsmobile, had entered the premises and asked for a sandwich; both men were young, thin, and approximately six feet in height; one was attired in bib overalls—the other was wearing a cap; almost immediately, one of the men brandished a small revolver and announced: "This is a holdup."; the victim ran for the door, but was shot.

After this account was elicited, the ambulance arrived, and the victim was taken to the hospital, where, after emergency surgery, he was pronounced dead two hours later. The victim's responses, detailed by the officer on a note pad, were admitted into evidence at trial.[2]

The defendant contends that the victim's statement to the detective was hearsay, and not admissible under either the "dying declaration" or "*res gestae*" exceptions to the hearsay rule.

## II.

◼ The admissibility of a dying declaration by a victim against an accused has long been recognized. However, the declarant must be "in contemplation or apprehension of impending death * * *." *State v. Van Winkle,* Del. O & T, 4 Boyce 132, 86 A. 310, 311 (1913).

Here, the victim's statements were made approximately twenty minutes after the shooting. Under the totality of the circumstances, it can be reasonably inferred that the victim fully comprehended the probability of death from a wound so severe. Other than his protestations for help, a normal reaction for one in such a state, see *United States v. Etheridge,* 6th Cir., 424 F.2d 951, 966 (1970), *cert. denied,* 400 U.S. 993, 1000, 91 S.Ct. 463, 464, 27 L. Ed.2d 442, 452 (1971), there is little doubt of the declarant's grave condition and his reasonable apprehension of impending death, which may be shown "circumstantially by the apparent fatal quality of the wound." *McCormick on Evidence,* § 282, at 681 (2d ed. 1972). *Accord, Commonwealth v. Smith,* Pa.Supr., 424 Pa. 9, 225 A.2d 691 (1967). Considering the totality of the circumstances—including the extent of injury (massive), the weapon (a gun), and the physical condition (grave)—we conclude that the victim's statements in response to the police officer's questioning were properly admissible as a dying declaration. See *Commonwealth v. Knable,* Pa. Supr., 369 Pa. 171, 85 A.2d 114 (1952).

The conclusion reached, permitting the victim's statements as a dying declaration, is sufficient to sustain admission. Therefore, defendant's contention that the declarations were inadmissible under the *"res gestae"* hearsay exception need not be considered.

## III.

◼ The defendant asserts that, in response to a query by the jury, the Trial Judge erred in instructing that the defendant was equally liable for the crimes charged if he were an accomplice to the acts. While the defendant concedes that the legal premise is correct, he maintains it is irrelevant in the present case because no evidence was introduced showing the defendant to have been an accomplice; rather, that he was the gunman, *i. e.,* the principal. Thus, the defendant argues, allowing the instruction created an "incorrect inference" which prejudiced him.

---

1. The bullet had pierced through defendant's abdomen, injured the left kidney and renal artery, severed the left renal vein, and greatly damaged the spleen, pancreas, and intestinal tract, resulting in massive hemorrhaging.

2. The Trial Judge made no ruling as to whether the evidence was a dying declaration, but admitted it "under the modern approach towards the admission of evidence" as having "inherent probable truthfulness."

We find this contention wholly untenable. While an instruction must conform to the facts introduced as evidence in the case, see *Bantum v. State,* Del.Supr., 7 Terry 487, 85 A.2d 741 (1952), the instruction given here, if error, was harmless beyond a reasonable doubt. Whether the defendant was accomplice or principal, he is guilty of the crimes charged. See 11 Del. C. § 271(2)(b);[3] *Johnson v. State,* Del. Supr., 215 A.2d 247 (1965).

### IV.

The other issues raised by the defendant (that defendant's brother-in-law was coerced to give testimony against him as the result of an illegal detention, that defendant's motion for acquittal was improperly denied, that there was error in admitting a co-defendant's confession in a prior trial, and that the verdicts were against the weight of the evidence) have been examined and found to be without merit.

\*    \*    \*    \*    \*    \*

Affirmed.

---

3.  11 Del.C. § 271(2)(b) provides:
"§ 271. *Liability for the conduct of another— Generally.*
"A person is guilty of an offense committed by another person when:
\*    \*    \*    \*    \*

"(2) Intending to promote or facilitate the commission of the offense he:
\*    \*    \*    \*    \*

"b. Aids, counsels, or agrees or attempts to aid the other person in planning or committing it; \* \* \*."