374 A.2d 1380

**COMMONWEALTH of Pennsylvania**

v.

**Gerald CLARK, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 23, 1976.

Decided June 29, 1977.

Ernest T. Kardas, Assistant Public Defender, Media, for appellant.

Ralph B. D'Iorio, Assistant District Attorney, Media, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from judgments of sentence imposed on convictions of robbery, theft by unlawful taking, and conspiracy. Appellant has raised a substantial issue regarding deprivation of his right to a speedy trial, as delineated in Pa.R.Cr.P. 1100. Since on the record before us we are unable to resolve the issue, we remand for further proceedings.

The charges against appellant were based on an incident at a car wash and gas station on April 1, 1974. A criminal complaint was filed against appellant on the same day, and he was immediately arrested, later being released on bail. On May 27, 1975, 421 days after the complaint was filed, appellant was tried. Before trial he filed a petition requesting that the charges be dismissed because the Commonwealth had failed to bring him to trial within 270 days as required by Rule 1100(a)(1). After a hearing, the lower court denied the petition on the ground that "any delay in going to trial has been caused by the defendant Clark or his attorney, and, therefore, the Court found that he had not been denied his right to a speedy trial." Opinion of the lower court at 4.

Appellant's trial was originally set for November 12, 1974, well within the 270 day period.[1] The prosecutor and appellant's counsel appeared in court that day but appellant did not. Appellant's absence was unexplained, and when the prosecutor suggested that appellant was a fugitive, the court agreed and declared him a fugitive. In fact, however, appellant was in jail in the same county, under charges unrelated to the car wash and gas station incident. Appellant had received notice of his November 12 trial date but had made no effort to inform his counsel, the prosecutor, or the warden regarding his required appearance in court for trial. Although there was some evidence that someone in the District Attorney's office knew that appellant had been

1. The 270th day after the complaint was filed was Dec. 27, 1974.

rearrested and was in jail,[2] evidently the prosecutor in charge of the present case did not.

The case was again listed for trial on March 31, 1975, but was not reached. It was listed again for April 1, but was not reached. On April 4 the court granted a continuance because appellant's counsel was not present. On May 15 another continuance was granted because appellant's counsel was not prepared. Appellant's petition under Rule 1100(f) was heard and denied on May 27, and trial commenced the next day. At no time did the prosecution file a motion to extend the time for commencement of trial. Rule 1100(c).

It is true that even in the absence of an extension of time under Rule 1100(c), the period within which trial must be commenced will be extended by such period as may result from (1) the unavailability of the defendant or his attorney, or (2) any continuance in excess of thirty days granted at the request of the defendant or his attorney. Rule 1100(d). However, in this case, facts crucial to a determination of the proper period were ignored by the court below.

As has been mentioned, on November 12, 1974, the lower court declared appellant a "fugitive." Clearly, a fugitive is "unavailable" as that word is used in Rule 1100(d)(1).[3] But was appellant a fugitive? Some law enforcement official knew that appellant was in jail; probably someone in the District Attorney's office also knew it. However, those who knew that did not also know that appellant was due for trial on the instant charges on November 12; those who knew about the trial did not know of appellant's subsequent arrest and imprisonment. We are thus unable to find, on the record before us, that the Commonwealth had discharged its duty to exercise due

**2.** Notes of Testimony of the May 27, 1975, hearing on appellant's petition under Rule 1100 at 6.

**3.** The Official Comment to Rule 1100(d)(1) states that "the defendant should be deemed unavailable for any period of time during which he could not be apprehended because his whereabouts were unknown and could not be determined by due diligence."

diligence to ascertain appellant's whereabouts.[4] However, if the Commonwealth "lost" appellant, appellant took full advantage of being lost. He alone among the principals of this case knew both where he was and that he was due in court on November 12, and yet he made no effort either to get to court or to tell anyone concerned with his case where he was. Although it is axiomatic that "it is not the defendant's duty to bring himself to trial," *Commonwealth v. Adams*, 237 Pa.Super. 452, 457, 352 A.2d 97, 99 (1975), it does not follow from this axiom that a defendant may hide himself away in some crevice of the criminal justice system. To declare appellant a "fugitive" was unwarranted, given the fact that he was in custody. He may nevertheless have been "unavailable." A determination of whether he was must await further evidence, particularly on the extent of the District Attorney's knowledge.[5]

Assume, however, that further evidence warrants a finding that on November 12, 1974, appellant was "unavailable." That will not be dispositive of appellant's Rule 1100 claim, as the lower court apparently believed. It will rather be only the beginning of a proper inquiry.

Rule 1100(d)(1) only serves to extend the period during which trial must be commenced under section (a) of the rule. *Commonwealth v. Wade*, 240 Pa.Super. 454, 360 A.2d 752 (1976); *Commonwealth v. Eller*, 232 Pa.Super. 99, 332 A.2d 507 (1975). The total number of days for which a defendant is unavailable must be computed; that number is then added to the applicable period under 1100(a); the total

4. *See* footnote 3, *supra*.

5. In his dissenting opinion, Judge PRICE reasons that since the "Commonwealth" is a unitary concept encompassing all prosecuting officers, all knowledge of any one of those officers must be imputed to all. Such a presumption of omniscience on the part of the government is unreasonable; it would impute to an Assistant District Attorney at one end of a county immediate knowledge of an arrest occurring at the other end. To be sure, sooner or later, one would expect him to find out about it. When he should is the question the lower court should have addressed.

is the period within which the defendant must be brought to trial. *See Commonwealth v. Bean*, 244 Pa.Super. 368, 368 A.2d 765 (1976) (Dissenting Opinion of HOFFMAN, J.). In this case, assuming that appellant was unavailable on November 12, 1974, how long was he unavailable? Sooner or later, we know, the prosecutor became aware of his whereabouts. But when? Again, on the record before us, we cannot answer this question; yet it is only after it is answered that the proper period for commencement of appellant's trial can be determined. Given the record before us, we have no choice but to vacate the judgments of sentence and remand to the lower court to determine how long the period for commencement of appellant's trial should have been extended due to appellant's unavailability. If the court finds that appellant was tried within that period (exclusive of the delays occasioned by appellant's counsel's absence and unpreparedness), the judgments of sentence should be re-instated. Otherwise appellant must be discharged.

We therefore vacate the judgments of sentence and remand for proceedings consistent with this opinion.

HOFFMAN, J., files a dissenting opinion.

PRICE, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

Appellant contends that he must be discharged because the Commonwealth failed to bring him to trial within 270 days from the date on which the Commonwealth filed a criminal complaint against him. See Pa.R.Crim.P. 1100(a)(1); 19 P.S. Appendix.[1] I agree and would, therefore, order appellant discharged.

1. Rule 1100(a)(1) provides: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

On April 1, 1974, Delaware County officials arrested appellant and filed a complaint charging him with robbery,[2] theft by unlawful taking,[3] theft by receiving stolen goods,[4] simple assault,[5] and conspiracy.[6] Appellant filed a $500 bail bond and was released. On June 14, 1974, a Delaware County grand jury indicted appellant on the above charges. The Commonwealth originally scheduled appellant's trial for November 12, 1974, but appellant failed to appear on that day. The court concluded that appellant was a fugitive and issued a bench warrant for his arrest. In fact, appellant had been in a Delaware County jail since November 3, 1974, under charges unrelated to those involved in the instant case. The District Attorney's office forwarded notice to appellant of his impending trial, but appellant did not inform the prison warden that he was to be tried on November 12. The record does not reveal precisely when the District Attorney's office discovered appellant's presence in the Delaware County jail or when appellant received notice of the trial.

The Commonwealth rescheduled appellant's trial for March 31, 1975, but the court did not reach his case on that day or the following day. On April 14, the court continued the case because appellant's counsel was not present. On May 15, the lower court granted another continuance because appellant's counsel was not prepared. On May 27, appellant filed a Rule 1100(f) petition seeking dismissal of the charges against him. The court held a hearing and denied appellant's petition. On May 28, trial commenced before the lower court sitting without a jury; the court found appellant guilty of robbery, theft by unlawful taking and conspiracy. After denying appellant's post-verdict mo-

2.  The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 3701.

3.  The Crimes Code, supra; 18 Pa.C.S. § 3921.

4.  The Crimes Code, supra; 18 Pa.C.S. § 3925.

5.  The Crimes Code, supra; 18 Pa.C.S. § 2701.

6.  The Crimes Code, supra; 18 Pa.C.S. § 903.

tions, the lower court sentenced appellant to concurrent one-and-one-half-to-three year terms of imprisonment. This appeal followed.

Appellant contends that the Commonwealth failed to bring him to trial on or before December 27, 1974, the 270th day after the filing of the complaint in the instant case. The Commonwealth responds that appellant's unavailability on November 12, 1974, and for an unspecified period of time thereafter, automatically extended the period for commencement of trial. See Pa.R.Crim.P. 1100(d)(1). Specifically, the Commonwealth asserts that appellant's unavailability resulted from his failure to inform prison authorities of the November 12 trial date.[7]

Pa.R.Crim.P. 1100(d)(1) provides: "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: . . . the unavailability of the defendant or his attorney." The Comment to Rule 1100 elaborates upon the meaning of this subparagraph:

"For purposes of subparagraph (d)(1), in addition to any other circumstances precluding the availability of the defendant or his attorney, the defendant should be deemed unavailable for any period of time during which he could not be apprehended because his whereabouts were unknown and could not be determined by due diligence; or during which he contested extradition, or a responding jurisdiction delayed or refused to grant extradition; or during which the defendant was physically or mentally incompetent to proceed; or during which the defendant was absent under compulsory process requiring his appearance elsewhere in connection with other judicial proceedings." I agree with the Majority that Pa.R.Crim.P. 1100(d)(1) requires that the

7. The Commonwealth does not contend that appellant received any continuances in excess of thirty days, thus extending the period for commencement of trial beyond December 27, 1974. See Rule 1100(d)(2). Moreover, at no time did the Commonwealth seek to extend the time for commencement of trial by filing a petition pursuant to Rule 1100(c). *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976).

Commonwealth demonstrate that it could not ascertain an imprisoned defendant's whereabouts and bring him to trial, despite its due diligence. See *Commonwealth v. McCafferty*, 242 Pa.Super. 218, 363 A.2d 1239 (1976).[8] Moreover, our case law establishes that ". . . the duty imposed on the Commonwealth by Rule 1100 to bring a defendant to trial within the prescribed period is not affected by the fact of his incarceration elsewhere or by his failure to demand trial." *Commonwealth v. McCafferty*, supra, 242 Pa.Super. at 224, 363 A.2d at 1241. The defendant does not shoulder the obligation of bringing himself to trial; the Commonwealth alone bears this responsibility. *Commonwealth v. Wade*, 240 Pa.Super. 454, 360 A.2d 752 (1976); *Commonwealth v. Adams*, 237 Pa.Super. 452, 352 A.2d 97 (1976). Therefore, I believe that the Commonwealth must show that it was unable, despite its duly diligent efforts, to locate appellant in the Delaware County prison and to insure his attendance at trial; the Commonwealth cannot rely on appellant's failure to notify prison authorities of his trial date in order to meet this burden.

The Majority admits that it is unable to find, on the record before us, that the Commonwealth discharged its duty to exercise due diligence in ascertaining appellant's whereabouts. (At p. 187) I submit that this concession is dispositive in this case. Because appellant was in a Delaware County prison, the Commonwealth bears the burden of explaining what efforts it made to locate appellant and to secure his presence at trial. *Commonwealth v. McCafferty*,

8. Normally, the Commonwealth must only demonstrate its due diligence when it seeks to secure an extension of time for the commencement of trial pursuant to Rule 1100(c). However, in some circumstances, the Commonwealth must show that it acted with due diligence in order to justify an exclusion of time from the applicable period for commencement of trial pursuant to Rule 1100(d). For example, the Comment to Rule 1100 makes it clear that a defendant who has not yet been arrested will not be deemed "unavailable" unless the Commonwealth shows that it was unable to determine his whereabouts despite due diligence. See also *Commonwealth v. Flores*, 247 Pa.Super. 140, 371 A.2d 1366 (1977). By analogy, a District Attorney for a particular county must exercise due diligence in finding a defendant and bringing him to trial when that defendant is incarcerated in the same county.

supra. The Commonwealth had an opportunity at the May 27, 1975 hearing on appellant's Rule 1100(f) petition to demonstrate its due diligence in ascertaining appellant's whereabouts and failed to adduce any evidence of its efforts. We should not allow the Commonwealth another opportunity to relitigate its due diligence when it failed to meet its burden at the hearing on May 27, 1975. Accordingly, I would hold that the Commonwealth did not establish that appellant was "unavailable" within the meaning of Rule 1100(d)(1) on November 12, 1974. Because the Commonwealth did not bring appellant to trial before the expiration of the 270 day period on December 27, 1974, I would order appellant discharged.

PRICE, Judge, dissenting:

The majority holds that it is "unable to find, on the record before us, that the Commonwealth had discharged its duty to exercise due diligence to ascertain appellant's whereabouts." (p. 187) The majority therefore directs that the instant case be remanded to the court below for further evidentiary hearings. I believe that the majority opinion reflects a blatant disregard for logic and legal precedent.

A criminal complaint, charging various offenses, was lodged against the appellant on April 1, 1974. Under the mandate of Pa.R.Crim.P. 1100(a)(1),[1] the Commonwealth was required to bring the appellant to trial within 270 days of the filing of the complaint. The appellant, however, was not tried until May 27, 1975, or 421 days after the complaint was filed. The appellant now contends that his right to a speedy trial under Rule 1100 was violated. I agree with this contention.

Appellant's trial was originally scheduled to begin on November 12, 1974. The appellant failed to appear in court on that date and was promptly declared a fugitive by the

1. Pa.R.Crim.P. 1100(a)(1) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

lower court. The record shows that on November 12, 1974, the appellant was in the Delaware County Prison. The record also shows, and the majority admits, that some members of the Delaware County District Attorney's Office knew that the appellant was then imprisoned. The majority concludes that the appellant could not properly be declared a fugitive, "given the fact that he was in custody. . . ." (p. 188) Nevertheless, the majority suggests that the appellant might still be considered "unavailable" for trial under Rule 1100. *See* Pa.R.Crim.P. 1100(d)(1).[2]

The majority's reasoning is spoiled by the Official Comment to Rule 1100, which notes, in part, that "the defendant should be deemed unavailable for any period of time during which he could not be apprehended because his whereabouts were unknown and could not be determined by due diligence . . . ." Here, the evidence clearly shows that the appellant had not only been apprehended and imprisoned in Delaware County, but that he had also received notice that he was scheduled to be tried on November 12, 1974. The conclusion is inescapable that the prosecutorial forces of Delaware County knew the whereabouts of the appellant and could easily have secured his presence at trial. Since the record is clear that the Commonwealth did not exercise due diligence in securing the appellant's presence at trial and that the mandatory period had expired when the appellant filed his motion to dismiss, I would reverse the judgment of sentence and discharge the appellant.

I must also note my disagreement with the majority on two other points. First, I believe the majority incorrectly equates the term "Commonwealth" solely with the prosecuting district attorney. In *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), the Pennsylvania Supreme Court held that the " 'Commonwealth' in the context of the Rule clearly refers to prosecutorial *officers*." (emphasis added) *Id.* 469 Pa. at 16, 364 A.2d at 698. Thus, we have held that a

2. Pa.R.Crim.P. 1100(d)(1) provides that: "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant or his attorney."

defendant may not be considered unavailable if his whereabouts are known to the police. *Commonwealth v. McCafferty*, 242 Pa.Super. 218, 363 A.2d 1239 (1976); *Commonwealth v. Martin*, 246 Pa.Super. 407, 371 A.2d 903 (1977). If the knowledge of a defendant's whereabouts by a prosecuting officer is attributable to the Commonwealth, *see Commonwealth v. McCafferty, supra; Commonwealth v. Martin, supra,* then, *a fortiori,* the knowledge of the defendant's whereabouts by certain members of the District Attorney's Office should be attributable to the Commonwealth. Certainly, the term "Commonwealth" should not be limited to refer only to the prosecuting district attorney.

Further, I do not agree that the appellant may be blamed for the delay in this case because he failed to inform his counsel, the warden, or the prosecuting district attorney that he was in prison. An accused is not required to bring himself to trial. *E. g., Commonwealth v. Adams,* 237 Pa.Super. 452, 352 A.2d 97 (1975). The prosecutorial forces of Delaware County knew that the appellant was incarcerated in their prison. The majority, nevertheless, suggests that the appellant had culpably concealed himself in "some crevice of the criminal justice system." (p. 188) There is nothing in the record, however, to indicate that the appellant attempted to conceal his true identity or that the authorities were unaware of his identity. Unlike the majority, I refuse to characterize the appellant as "hiding-out" during his period of incarceration. Although the appellant may not have desired to be tried on the instant charges, his whereabouts were known by prosecutorial officers who could easily have arranged the appellant's presence at trial.

I would reverse the judgment of sentence and discharge the appellant.