375 A.2d 78

**COMMONWEALTH of Pennsylvania**

v.

**Roberto TOME, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided June 29, 1977.

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

Bert M. Goodman, Assistant District Attorney, and William T. Nicholas, District Attorney, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

In this case a petition for an extension of time in which to commence trial was filed by the Commonwealth pursuant to

Pa.R.Crim.P. 1100(c) on October 17, 1975, five days before the 180 day period was to expire.[1] On October 24, 1975, two days after the Rule 1100 period expired, a copy of the petition was mailed to the appellant. A hearing was held on October 31, 1975, and "after extensive argument" the petition was granted by the lower court and the time for trial was extended to no later than February 22, 1976.[2] The lower court in its opinion attempts to justify the extension primarily on the ground that the case could not have been brought to trial within the 180 day period because of an overcrowded docket list. The lower court did not, however, make a specific finding that there was in fact an overcrowded docket. No transcription was made of the Rule 1100 hearing. There is also no factual showing as to the causes of the delay. *See Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976). Quite simply, on the record in this case, there is insufficient evidence upon which we could give any type of meaningful review.

The case is therefore remanded for a new Rule 1100 hearing to be held in conformity with this opinion. Notice of this hearing is to be given to the appellant and he shall be given the right to be heard thereon, pursuant to Pa.R. Crim.P. 1100(c). Upon completion of this hearing, the record is to be returned to this Court for a determination of the merits of this appeal.

PRICE, J., files a dissenting opinion in which HOFFMAN, J., joins.

SPAETH, J., files a dissenting opinion in which HOFFMAN, J., joins.

1. The complaint in this case, charging the appellant with voluntary sexual deviate intercourse, 18 Pa.C.S. § 3124, and criminal conspiracy, 18 Pa.C.S. § 903, was filed on April 25, 1975. The Commonwealth therefore had 180 days, or until October 22, 1975, in which to bring the appellant to trial pursuant to Pa.R.Crim.P. 1100(a)(2).

2. Trial was actually held on January 16, 1976, and the appellant was adjudged guilty on both counts.

PRICE, Judge.

I agree with the majority that we must remand this case to the court below to establish a conclusive record. I believe, however, that the majority errs by ordering the court below to conduct a new hearing on the Commonwealth's application to extend without first requiring the lower court to determine whether the initial hearing conformed with the requirements of Pa.R.Crim.P. 1100(c). If the appellant was denied his right to contest the Commonwealth's application to extend, then the allowance of such an application was improper under Pa.R.Crim.P. 1100(c) and there is no need for further hearings as to the validity of the Commonwealth's claim.

I would remand this case to the court below to determine whether the initial hearing conformed with the requirements of Pa.R.Crim.P. 1100(c). If the initial hearing was improperly conducted, then the appellant must be discharged because the mandatory period has expired. If, however, the propriety of the initial hearing is confirmed, the lower court is to conduct a new hearing under Rule 1100(c). After the completion of this hearing, the lower court is to return the record to this court so that we may resolve the merits of this appeal.

HOFFMAN, J., joins in this dissenting opinion.

SPAETH, Judge:

I join Judge PRICE's Dissenting Opinion, and wish only to add that if on remand a new Rule 1100 hearing is held, we should expect the lower court now to comply with the requirements of *Commonwealth v. Mayfield*. *Cf.* my Dissenting Opinion in *Commonwealth v. Lewis*, 247 Pa.Super. 46, 371 A.2d 1318 (1977).

HOFFMAN, J., joins in this opinion.