378 A.2d 373

**COMMONWEALTH of Pennsylvania**

v.

**James C. KRALL, Appellant.**

Superior Court of Pennsylvania.

Argued March 14, 1977.

Decided Oct. 6, 1977.

John R. Gailey, Jr., York, for appellant.

Floyd P. Jones, Assistant District Attorney, with him Donald L. Reihart, District Attorney, York, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred when it granted the Commonwealth's petition to extend the period in which to try the appellant pursuant to Rule 1100(c), Pa.R.Crim.P., 19 P.S. Appendix.[1] The only allegation of due diligence in the Commonwealth's petition was that ". . . a trial cannot commence within the required period because [t]his case could not be tried during the May, 1975 Session of Court." Although in its order extending the period the court refers to a hearing on the petition, there are no notes of testimony in the record. In a similar situation, we remanded for completion of the record, for without transcription of the hearing, we could not determine the causes of the delay as required by *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976). *Commonwealth v. Tome*, 248 Pa.Super. 242, 375 A.2d 78 (1977). Thus, we believe that we must remand the instant case to determine what evidence was produced by the Commonwealth at the original Rule 1100(c) hearing.

Case remanded for completion of the record.

WATKINS, President Judge, and PRICE and VAN der VOORT, JJ., dissent.

---

1. We do not reach the merits of appellant's additional five claims because a meritorious Rule 1100 claim entitles him to be discharged. Rule 1100(f).