379 A.2d 308

**COMMONWEALTH of Pennsylvania**

v.

**William M. LOVE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Oct. 6, 1977.

Michael S. Barranco, Assistant Public Defender, Westtown, and John R. Merrick, Public Defender, Kennett Square, for appellant.

William R. Muir, Jr., and Robert B. Stewart, III, Assistant District Attorneys, West Chester, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the judgment of sentence from the Court of Common Pleas of Chester County by the appellant-defendant, William M. Love, after conviction by a jury of a charge of operating a motor vehicle under the influence of liquor or drugs. He was sentenced to pay a fine of $200.00 plus the costs of prosecution and serve a year of probation. The only issue involved in this appeal is whether the court below erred in refusing to dismiss the charges against the appellant due to violation of Rule 1100 of Pennsylvania Rules of Criminal Procedure.

The complaint was lodged against the appellant May 27, 1974. After the preliminary hearing, he waived formal arraignment and applied for admission to the Accelerated Rehabilitation Disposition program on July 2, 1974. On July 17, 1974, his request was denied. On January 27, 1975, the Commonwealth filed its application to extend the time for commencing of trial pursuant to Pennsylvania Rules of Criminal Procedure 1100(f) well within the 180-day requirement.

The appellant opposed the extension and filed an application to dismiss as violative of Rule 1100. A hearing was held before the trial judge who granted the extension and denied his application to dismiss.

He was arrested on May 27, 1974, so that the time period of 270 days in which he must be brought to trial under the

rule, would require his trial to begin no later than February 20, 1975. He was brought to trial on February 25, 1975. The defendant argues that the court below erroneously denied his petition to dismiss the charges. However, the Commonwealth had seasonably filed an application to extend on January 27, 1975, several weeks before the period expired but the defendant contends that the Commonwealth did not prove "due diligence" in bringing the case to trial within the required time.

Rule 1100 provides that the Commonwealth may apply for an extension of time in which to bring the case to trial at anytime prior to the expiration of the appropriate time period. The rule goes on to say that such an application shall be granted "only if the trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth."

In the instant case the Commonwealth requested in December, 1974, that the case be listed for trial in January, 1975, which would have been within the required time period. However, due to the volume of cases pending, the request for the January listing was denied by the Court Administrator. When it became apparent that the case could not be tried in January despite the efforts of the Commonwealth to try it within that period, the Commonwealth filed a request for extension. After hearing on the extension and the petition to dismiss, the court below denied the petition to dismiss and granted the extension. The court below determined that due diligence had been proven by the Commonwealth.

We find, therefore, that the Commonwealth proved that it exercised due diligence and that the delay in trial was judicial delay. As the Supreme Court said in *Commonwealth v. Shelton*, 469 Pa. 8 at page 17, 364 A.2d 694 at page 698 (1976): "We therefore expressly disapprove of the dicta in the majority opinion of the Superior Court and rule that 'judicial delay' may justify the granting of an application for an extension when timely filed."

Judgment of sentence affirmed.