390 A.2d 192

COMMONWEALTH of Pennsylvania

v.

Richard CLARK, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 13, 1977.

Decided July 12, 1978.

458

Roy H. Davis, Assistant Public Defender, Drexel Hill, for appellant.

D. Michael Emuryan, Assistant District Attorney, Media, with him Frank T. Hazel, District Attorney, Media, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This appeal arises from the conviction of appellant for robbery and other related crimes by a jury in Delaware County. Appellant's motions for new trial and arrest of judgment were denied.

Three armed robberies were committed in Delaware County in January, 1974. Similar robberies were also committed in neighboring Chester County that same month. After receiving photos of defendant from authorities in Chester County where appellant and another accomplice were incarcerated in connection with the robberies there, the Delaware County police filed a complaint against defendant on January 27, 1974. A hearing on petitions to suppress evidence and dismiss the indictments was not held until January 13, 1975, and a trial, involving the defendant and co-defendant, Smith, followed the next day. Defendants were convicted and sentenced.[1]

Appellant's brief raises two issues before us: first, whether the lower court erred in denying appellant's petition to dismiss under Pa.R.Crim.P. 1100, and two, whether the lower court erred in denying appellant's petition to sever the trial of this robbery from that of another robbery charged against him. Before we discuss these issues, we will comment on whether or not the issues were properly preserved for our review.

## I.

We have before us the classic example of an incomplete and vague record of the events in the lower court. According to the Commonwealth's brief, a petition for rule to dismiss the indictments under Pa.R.Crim.P. 1100 was filed by the defendants in November, 1974. We do not have that petition before us nor is that fact reflected in the docket entries. However, on the date of the suppression hearing, January 13, 1975, the lower court judge apparently entertained such a petition, along with an alleged petition to

1. The co-defendant involved in the consolidated trial in the lower court, William J. Smith, has not joined in this appeal.

sever the trial of the separate cases on the robberies. Counsel for William Kirkpatrick, an accomplice to appellant in the third robbery in Delaware County, moved to sever his client's case from the trial of appellant, Clark, and co-defendant, Smith, who were allegedly involved in two earlier robberies. Appellant's counsel neither joined nor made a specific exception to the ruling of the court that severed the Kirkpatrick-Clark case and which consolidated the Smith-Clark cases for trial.

At the completion of trial and entry of verdict, the record reflects that on the same day, January 23, 1975, oral motions for new trial on behalf of appellant were presented after the judge had properly given his instruction concerning written post-trial motions. Pa.R.Crim.P. 1123(a). We have no record of these oral motions. On January 29, 1975, boiler plate motions for new trial were filed and argued in May. However, the opinion of the lower court refers to specific points on Rule 1100 and severance as being "filed" with the court, although those specific allegations only appear and are treated in the lower court's opinion and nowhere else in the record.

Our Supreme Court has condemned the practice of some lower courts which ignore the written post-verdict motion requirement of Pa.R.Crim.P. 1123(a) and allow the oral motions, off the record, to be considered. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). *Blair* was decided January 27, 1975 and has been held to apply prospectively, i. e., where the relevant events occurred after the date of the decision. See *Commonwealth v. Cornish*, 471 Pa. 256, 370 A.2d 291 (1977).[2]

■ The instant case presents the unusual situation wherein the record shows that oral motions for new trial were presented before the *Blair* decision, written boiler plate

2. Our Supreme Court recently addressed this issue in *Commonwealth v. Barnes*, —— Pa. ——, 394 A.2d 461 (1978). (J. 330 of 1978, filed March 23, 1978). The Court applied *Barnes* prospectively from March 1, 1975, the date of its publication in the West reporter advance sheets. The result we reach here is consistent with the *Barnes* decision.

motions were filed and argued after *Blair*, and the judge's opinion specifically states and discusses the issues allegedly preserved but not contained in post-trial motions. Arguably, *Blair* would preclude any consideration of the issues other than the boiler plate ones. *Commonwealth v. Walsh*, 248 Pa.Super. 479, 375 A.2d 198 (1977). One of the reasons why appellate courts are foreclosed from considering issues not raised in the lower court is that the lower court should have the opportunity to decide the issues first. Where the lower court's opinion discusses issues not covered in post-trial motions, it is clear these issues were somehow presented to the court which had the opportunity to rule on them. Thus the appellate courts have said they will consider the issues properly before them even though this practice is discouraged. *Commonwealth v. Irwin*, 460 Pa. 296, 299 (n. 3), 333 A.2d 735 (1975); *Commonwealth v. Lardo*, 240 Pa.Super. 107, 368 A.2d 324 (1976); *Commonwealth v. Stevens*, 237 Pa.Super.Ct. 457, 352 A.2d 409 (1975). In keeping with these decisions, we will consider the two issues on this appeal, although the manner in which they come to us is far from satisfactory.

## II.

Rule 1100 of the Pennsylvania Rules of Criminal Procedure reads, in part:

"(a)(1) Trial in a court case which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed." 19 P.S. Appendix (1978).

The complaint, in the instant case, was filed on January 27, 1974, and the 270-day period ended on October 24, 1974. Trial was not held until January 13, 1975, approximately 80 days after the expiration of the 270-day period and therefore the charges against defendant should have been dismissed with prejudice pursuant to Pa.R.Crim.P. 1100(f).[3] Although

---

**3.** "(f) At any time before trial, the defendant or his attorney may apply to the court an order dismissing the charges with prejudice on

the Commonwealth could have applied for an extension of time for the commencement of trial, Pa.R.Crim.P. 1100(c),[4] no application was made and the Commonwealth's brief admits they are not entitled to any standard of due diligence because of this failure.[5] Instead, the Commonwealth argues Pa.R.Crim.P. 1100(d)(1) which states:

> "(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
>
> (1) the unavailability of the defendant or his attorney. Comment . . .
>
> For purposes of subparagraph (d)(1), . . . the defendant should be deemed unavailable for any period of time . . . which the defendant was absent under compulsory process requiring his appearance elsewhere in connection with other judicial proceedings."

It is a fact that defendant was incarcerated in Chester County from January, 1974 concerning robberies there. The Commonwealth contends this rendered him "unavailable" until after he entered a guilty plea on charges there on

the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

**4.** Rule 1100(c):

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

**5.** The attorney for the Commonwealth moved for a continuance in open court on the date originally set for trial. However, this is not the same as an application for extension as intended by Pa.R.Crim.P. 1100(c). *Commonwealth v. Kincade*, 246 Pa.Super. 389, 371 A.2d 894 (1977). Compare *Commonwealth v. Kollock*, 246 Pa.Super. 16, 369 A.2d 787, 788 n. 2 (1977).

September 15, 1974, and that such time should be excluded from the computation of the 270-day period under this Rule.

Once again, the record is vague on this point. The lower court's comments indicate it reviewed the docket entries from both counties with counsel in chambers during the Suppression Hearing. Concluding that the Chester County charges delayed the Delaware County proceedings the judge invoked the automatic exclusion of Pa.R.Crim.P. 1100(d)(1) and the comment thereto, holding the 270-day period did not begin to run until September 15, 1974, and thus there was no violation of Rule 1100.

The crucial fact here is that a defendant is not deemed "unavailable" merely because he is incarcerated elsewhere. Once the Commonwealth knows where the defendant is, it then has the duty to act with due diligence in bringing him to trial. A defendant will be deemed unavailable "only for the period of time during which his presence could not be secured despite due diligence by the Commonwealth." *Commonwealth v. Kovacs*, 250 Pa.Super. 66, 378 A.2d 455, 457 (1977); *Commonwealth v. Roper*, 32 Som. 54 (1976). The Commonwealth bears the burden of proving by a preponderance of the evidence that the requisites of Pa.R. Crim.P. 1100(d) have been met, and on review, the appellate court will consider the evidence presented by the Commonwealth and so much of defendant's evidence as "fairly read in the context of the record as a whole, remains uncontradicted." *Commonwealth v. Mitchell*, 472 Pa. 546, 372 A.2d 826, 831 (1977).

In the instant case, the Commonwealth knew appellant Clark was incarcerated in Chester County. A prosecutorial officer testified he visited the Chester County prison on January 25, 1974, and obtained photos taken of the appellant who was imprisoned there. The docket entries corroborate that the district attorney had knowledge of defendant's whereabouts due to the writs of habeas corpus for appellant's delivery to Delaware County for which he applied periodically, and by the notation that bench warrants were ordered as detainers on May 23, 1974. The critical writ was

issued to produce appellant on October 7, 1974, the original date set for trial. Noted on the district attorney's motion for continuance in open court that day is the statement that the writ had not been carried out; i. e., the Chester County officials failed to produce appellant for trial. There is no indication in the record of why appellant was not produced. Were there proceedings subsequent to the entry of the guilty plea in Chester County that were pending on the trial date? Should appellant be prejudiced due to the failure of the Delaware County District Attorney to produce him for trial? How much if any of the time of incarceration is properly excludable from the computation of 270 days as part of the "compulsory process" requiring appellant's presence elsewhere? These questions remain unanswered because we do not have the record of the Chester County proceedings before us.

Most cases deal with the Commonwealth's failure to initiate proceedings to bring the absent defendant within the jurisdiction of the court, whether the defendant be out of state or outside the county. *Commonwealth v. Kovacs,* supra; *Commonwealth v. McCafferty,* 242 Pa.Super. 218, 363 A.2d 1239 (1977); *Commonwealth v. Martin,* 246 Pa.Super. 407, 371 A.2d 903 (1977); *Commonwealth v. Clark,* 248 Pa.Super. 184, 374 A.2d 1380 (1977). Here, the Commonwealth attempted to produce the defendant through the timely writs of habeas corpus. However, even though the Delaware County district attorney may have been duly diligent, that did not relieve him of the responsibility to produce the defendant, or to apply for an extension of time for the commencement of trial. *Commonwealth v. Rambo,* 250 Pa.Super. 314, 378 A.2d 953 (1977); *Commonwealth v. Roper,* supra.

In ruling on the application of Pa.R.Crim.P. 1100(d)(1), we find some of the time while appellant was incarcerated in Chester County may be automatically excludable from the computation of the 270 days when the appellant was absent under compulsory process. However, the record before us does not reflect how much of that time

appellant's presence was actually necessary for compulsory process. We therefore reverse the denial of appellant's petition to dismiss, and remand to the lower court for an evidentiary hearing to determine how much, if any, of the time of incarceration in Chester County may be excluded.[6]

### III.

The granting of a severance is a matter of discretion for the trial judge whose decision will not be reversed absent a manifest abuse of the discretion or a clear injustice or prejudice to defendant. *Commonwealth v. Irons*, 230 Pa.Super. 56, 326 A.2d 488 (1974). Appellant's brief merely states this rule and that there is a possibility of prejudice to defendant although he does not point to any specific prejudices in this case. Here we have two robberies occurring within a week of each other involving the same two defendants. Appellant's counsel made no objection to the consolidation of these two cases nor did he except to the trial judge's charge on the separation of the two crimes in the minds of the jury. Cases may be consolidated "where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other." *Commonwealth v. Peterson*, 453 Pa. 187, 197–98, 307 A.2d 264, 269 (1973).

Judgment of sentence reversed and case remanded for an evidentiary hearing to determine the time, if any, that is excludable from the 270-day period due to appellant's absence from the prosecuting county while undergoing compulsory process elsewhere. If sufficient time is excludable, further findings may be necessary to clarify and compute the additional days excludable due to the continuances and extensions mentioned in the record. If the lower court finds Rule 1100 has been violated, sentence should be reversed and

---

**6.** When the lower court makes the determination concerning how many days may be excluded from the 270-day computation, the continuances and extensions mentioned in the record may become important. Pa.R.Crim.P. 1100(d)(2). We suggest the record also be clarified as to who applied for each continuance, and how long each was in effect.

466

appellant discharged. If there is no violation of Rule 1100, as previously decided by the lower court, sentence should be affirmed. Either party shall have the right of appeal from the lower court's disposition of the matter.

SPAETH, J., dissents and would discharge appellant, the Commonwealth did not prove by a preponderance of the evidence that appellant was unavailable for trial under Pa.R.Crim.P. 1100(d)(1), so appellant should have been tried within 270 days.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.