397 A.2d 441

**COMMONWEALTH of Pennsylvania**

v.

**Alphonso GOLSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 31, 1977.

Decided Feb. 2, 1979.

144

Calvin S. Drayer, Assistant Public Defender, Norristown, for appellant.

James A. Cunningham, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken from judgment of sentence rendered following jury trial and conviction of the crimes of robbery and criminal conspiracy. "Crimes Code", Act of 1972, Dec. 6, No. 334, 18 Pa.C.S. §§ 3701 and 903. Post-trial motions were filed and denied.

On August 9, 1975, in the early afternoon, the Bridgeport, Pa.,, State Liquor Store was robbed of $2,062.50. Two men entered the store, which then had no patrons, and at gunpoint obliged the store clerk and manager to go into the office area and to open the safe, from which the cash was removed. While the manager was removing the money, and one of the intruders was tying the clerk's hands, a customer entered the store and called out as to whether anyone was there. After a momentary lapse for reconnoitering by the robbers, because the sales area was not able to be viewed from the office area and the identity of the customer was unknown, the two ordered the store employees to lie on the floor, and they ran out of the premises, past the customer. The latter testified that a man had walked into the store behind him and suddenly brought forth a gun and instructed the customer to kneel down behind the counter. Then two others emerged from the rear of the store, one of whom was carrying a weapon, and they all departed. Just as these three were moving through the door of the store, they brushed past a second customer then entering. The whole episode lasted approximately five minutes. Investigation led to the arrest of appellant, who was subsequently charged with the crimes.

At a pre-trial hearing, the defense moved to suppress the identification testimony of the first of these customers past whom appellant and his cohorts rushed while fleeing the store. The grounds for the motion were that the witness, one Patrick McGee, had been unduly influenced, to the prejudice of defendant, by his seeing Golson in the company of sheriff's deputies on the day of hearing, and further that his initial observation of Golson at the scene had been so fleeting that it was unlikely that his memory could correctly serve him some 14 months later. The question then was whether the witness had a sufficient independent opportunity to identify, and the challenge now centers upon alleged error in the lower court's denying the motion. We find, from McGee's testimony at the hearing, that his on-the-scene confrontation of appellant afforded sufficient basis for

an in-court identification. *Commonwealth v. Wortham*, 235 Pa.Super. 25, 342 A.2d 759 (1975). Unequivocally, McGee testified that, based on a well lighted and unobstructed view of appellant for half-a-minute, he noted facial characteristics of Golson, which he remembered clearly until the day of the hearing.[1] We find that the witness' remembrance of appellant clear, and not tainted by a circumstance which would be unnecessarily suggestive and lead to mistaken identity. *Commonwealth v. Jenkins*, 232 Pa.Super. 523, 335 A.2d 463 (1975) and *Commonwealth v. Santiago*, 229 Pa.Super. 74, 323 A.2d 826 (1974).

■ Also on the grounds of lack of time of the initial observation and an inattentiveness alleged to be inherent in a situation when one brushes past another, almost knocking the other over, appellant challenges the lower court's refusal to suppress the identification testimony of the second witness, one Mary Lou Griffith. With the rationale above-stated, we disagree. Griffith stated that she remembered the face of Golson, and that she had correctly selected his photograph from a group thereof in several procedures set up by the police for identification purposes, which procedures are not attacked. We find no error in permitting her identification testimony at trial.

■ The defense had filed a motion to suppress evidence of other convictions for crimen falsi crimes. Consideration of this motion was given following presentation of the Commonwealth's case. Reliance was placed by appellant upon the *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), principle that consideration should be given to the nature of the prior crimes, how long ago they occurred, the age and circumstances of the defendant, and the extent to which it is more important to search for the truth by the jury hearing the defendant than to know of prior convic-

---

1. At trial he bolstered this identifying testimony with further statements as to weight and clothing, as well as a clear recollection of hair style, which he noted had been altered in the interim before trial.

tions.[2] Following argument on the motion, the lower court considered the *Bighum* principles and granted suppression only insofar as prior convictions rendered more than seven years before were involved.[3] Appellant now argues that allowing certain evidence of previous criminality, should he take the stand to testify, intimidated him from so doing. The alleged result was that he could not substantiate and amplify testimony of certain alibi witnesses who did testify. Our Supreme Court addressed this issue in *Commonwealth v. McFadden*, 464 Pa. 265, 346 A.2d 550 (1975), and found it to have no merit because of its purely speculative nature. We find no abuse of discretion by the trial judge in his ruling on the suppression motion.

■ Lastly appellant argues that in regard to an extension granted upon the Commonwealth's petition pursuant to *Pa.R.Crim.P.* Rule 1100, it was improperly granted because it was based upon no record finding of due diligence or facts supporting "judicial delay", and no transcript made of the proceedings. We believe that this issue, supported by these allegations, was presented post-trial because the lower court has addressed them in its opinion and has found due diligence. Consequently the issue is properly preserved for our review. However, without a transcript of the Rule 1100 proceedings, we cannot make the necessary deliberations. The case must be remanded for a hearing in compliance with *Pa.R.Crim.P.* Rule 1100(c). *Commonwealth v. Tome*, 248 Pa.Super. 242, 375 A.2d 78 (1977).

Remanded with directions to conduct a hearing in compliance with our statement herein. If due diligence on the part of the Commonwealth be found, and if all other requirements of Rule 1100 be found to have been met, then the judgment of sentence is affirmed. If after hearing, due

---

2. The defendant in the instant case had means of defending himself other than by his own testimony. His defense was an alibi to which other witnesses testified.

3. The prior convictions which were not suppressed were for burglary and robbery in 1969 and robbery in 1976. The appellant did not take the stand.

diligence be not found, then the judgment of sentence is vacated and appellant discharged.

SPAETH, J., concurs in the result.

JACOBS and WATKINS, former President Judges, and HOFFMAN, J., did not participate in the consideration or decision of this case.