409 A.2d 870

## COMMONWEALTH of Pennsylvania

v.

## James H. GROARKE, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 14, 1977.

Filed Sept. 7, 1979.

Petition for Allowance of Appeal Denied Nov. 28, 1979.

Charles J. Weiss, Ambler, for appellant.

Robert A. Selig, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, President Judge:

Appellant takes this appeal from his conviction for driving a motor vehicle while under the influence of alcohol. Appellant makes three arguments, all challenging the extension of time for trial granted to the Commonwealth under Pennsylvania Rules of Criminal Procedure 1100(c). Because of our view of this case, we need only address ourselves to one of appellant's arguments. Accordingly, for the reasons set forth below we order that a full hearing be held at which time the Commonwealth is to be given the opportunity to show due diligence.

A criminal complaint was filed against appellant on March 13, 1975. Subsequently, on September 9, 1975, the Commonwealth petitioned the Court of Common Pleas of Montgomery County for an extension of time. This was the one hundred and eightieth day from the date of the filing of the criminal complaint. A hearing concerning the Commonwealth's petition was held on September 19, 1975 during which appellant challenged the averments contained in the Commonwealth's petition. Specifically, appellant took issue with the Commonwealth's allegation that the reason appellant's case had not been listed for trial within the one hundred and eighty day period is because of court backlog and unavailability of judges. Unfortunately, neither appellant nor the Commonwealth was able to develop their arguments any further or to put in evidence supporting their respective positions on the record because the hearing was cut short by the presiding judge, who said,

"If every attorney comes in here and denies all these allegations, we are going to have ten full hearings. That

is the next thing we are going to do. So I am going to deny your motion. Take it up to the Appellate Court. I hope the Appellate Court sustains your position, so far as I am concerned. I'm sick and tired of these cases."

We have in the past ordered new hearings on Rule 1100 issues where the record before us was so incomplete that we could not meaningfully review the issue. See *Commonwealth v. Golson*, 263 Pa.Super. 143, 397 A.2d 441 (1979); *Commonwealth v. Clark*, 256 Pa.Super. 456, 390 A.2d 192 (1978); *Commonwealth v. Wareham*, 256 Pa.Super. 23, 389 A.2d 581 (1978); *Commonwealth v. Gardner*, 253 Pa.Super. 233, 384 A.2d 1318 (1978); *Commonwealth v. Krall*, 249 Pa.Super. 433, 378 A.2d 373 (1977); *Commonwealth v. Tome*, 248 Pa.Super. 242, 375 A.2d 78 (1977); *Commonwealth v. Clark*, 248 Pa.Super. 184, 374 A.2d 1380 (1977). In view of the actions of the lower court we conclude that the instant case is also a proper one for a rehearing.

Accordingly, we remand and order that a full hearing be held on the Rule 1100 issue, during which the Commonwealth is to establish its due diligence.

PRICE, J., files a dissenting opinion.

JACOBS, J., did not participate in the consideration or decision of this case.

PRICE, Judge, dissenting:

This appeal arises from denial in the court below of appellant's motions in arrest of judgment and for a new trial based upon the Commonwealth's alleged violation of appellant's speedy trial right guaranteed by Pa.R.Crim.P. 1100(a)(2).[1] For the reasons stated herein, I would vacate the judgment of sentence and order appellant discharged.

On March 13, 1975, a criminal complaint was lodged against appellant charging him with driving under the influ-

1. Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

ence of alcohol.[2] After a preliminary hearing held on March 21, 1975, appellant was held for court. On May 20, 1975, appellant was indicted by the grand jury. Arraignment was waived. On September 9, 1975, the 180th day after the filing of the complaint, the Commonwealth applied to the Honorable Joseph H. Stanziani for an extension of time within which to bring appellant to trial. Pa.R.Crim.P. 1100(c). Judge Stanziani filed an order on that date granting a rule to show cause on appellant as to why the petition should not be granted, and setting a hearing thereon for September 19, 1975.

On September 11, 1975, appellant filed a motion to dismiss under Rule 1100(f). The Honorable Benjamin Scirica signed orders granting both requests for relief.[3] The Commonwealth was granted an extension to January 30, 1976.[4]

2. The instant charge was brought under the Act of April 29, 1959, P.L. 58, § 1037, *as amended* (75 P.S. § 1037). That provision has been repealed and is replaced by 75 Pa.C.S. § 3731, effective July 1, 1977.

3. When the issue of the inconsistency of these two orders was presented to Judge Davenport via a motion to dismiss on the day of trial's commencement, he declared:

   "It is the opinion of this Court that the law of this case has been established in that, number one, the order dismissing was in error, as supported by the testimony; and secondly, that the granting of the period of extension until January 30, 1976, is a proper order of the Court." (N.T. 2–3).

   This amounts to a judge overruling a previous final order of a judge of concurrent jurisdiction. Such is clearly improper. *See Commonwealth v. Griffin*, 257 Pa.Super. 153, 390 A.2d 758 (1978). It was incumbent upon the Commonwealth to appeal that order of dismissal within thirty days. Absent that, the case had been finally concluded in appellant's favor. Appellant does not raise this argument, and I would decline to decide the case on this basis. Rather, I would dispose of this appeal on the merits of the granted extension.

4. I would note this 4½ month extension with disapproval. Extensions must be for reasonable periods. This extension is not reasonable, absent some extraordinary circumstance. No explanation appears on this record. Appellant raises this question on appeal, but in view of my proposed disposition, it need not be decided here. *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), mandates that extensions must be for reasonable, limited and specified periods of time. The supreme court particularly warned, "We do not expect and will not permit the rule to be circumvented by unwarranted

Prior to his non-jury trial on January 8, 1976, appellant made a second request for dismissal which was denied by the trial judge, the Honorable Horace A. Davenport.

Appellant first maintains that the court erred in granting the Commonwealth's petition because it was not filed prior to the expiration of the 180 day period. Rule 1100(c) provides in part: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial." In this case, although the application was presented to the court below on the 180th day, it was not stamped as filed until the 182nd day following the complaint's filing.

This case is factually similar to *Commonwealth v. Wharton*, 250 Pa.Super. 25, 378 A.2d 434 (1977), wherein this court found that a Commonwealth petition presented to the trial judge on the 270th day,[5] but not docketed until the following day, was timely. In that case, as in the instant one, the crucial factor was that the court in fact had the petition before it on the last day of the mandatory period, and acted upon it by setting a hearing date thereon. As in *Wharton*, the petition in this case was made timely.

At the hearing on the Commonwealth's petition to extend, the assistant district attorney offered the following:

"The case has not been listed for trial, as the trial list has been filled to capacity, and *listing it at this time would be of no practical purpose. The case will be scheduled for trial on the first available list.*

The availability of Trial Judges has been minimal and insufficient to meet our case load, and the one hundred and eightieth day is September the 9th, 1975." (Rule 1100 Hearing at 2–3) (emphasis added).

grants of extension." *Commonwealth v. Mayfield, supra*, 469 Pa. at 221, 364 A.2d at 1349.

5. The complaint in *Wharton* was filed prior to July 1, 1974, thereby placing the case under the mandate of Rule 1100(a)(1).

Appellant's counsel stressed to the court that in his answer to the petition he denied the above recitation, and stated that he had come prepared for a full hearing to challenge the Commonwealth's due diligence. The judge finally proceeded to take judicial notice of the court's backlog, although counsel continued to insist that the petitioner, the Commonwealth, had the burden of proof.

In *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), the supreme court held that the Commonwealth may be granted an extension of time in which to bring a defendant to trial on the basis of judicial delay. The court further advised:

> "Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided." *Id.*, 469 Pa. at 222, 364 A.2d at 1349–50.

In cases such as the instant one which arose prior to the *Mayfield* decision, this court has read the record more leniently and has often remanded cases in which the record is not sufficient to enable us to determine whether the Commonwealth exercised due diligence. *E.g., Commonwealth v. Stabler*, 251 Pa.Super. 194, 380 A.2d 444 (1978). The instant case, however, does not warrant such a result. The burden of proceeding with due diligence, which is always on the Commonwealth, was in no way undertaken:

> "*The case has not been listed for trial*, as the trial list has been filled to capacity, and *listing it at this time would be of no practical purpose. The case will be scheduled for trial on the first available list.* (Rule 1100 Hearing at 2–3) (emphasis added).

The Commonwealth's own statement illustrates that it did nothing to attempt to push the case along, bring it to the court administrator's attention, or have the case listed, any

of which would show due diligence. *Commonwealth v. Love,* 251 Pa.Super. 14, 379 A.2d 308 (1977); *Commonwealth v. Stabler, supra,* 251 Pa.Super. at 197 n. 4, 380 A.2d at 445 n. 4. Because the Commonwealth made no showing of due diligence entitling it to an extension of time, I would hold that the lower court order was error, and accordingly, would vacate the judgment of sentence and order appellant discharged.