384 A.2d 1318

**COMMONWEALTH of Pennsylvania**

v.

**Emanuel GARDNER, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided April 13, 1978.

234

George B. Ditter and Calvin S. Drayer, Jr., Assistant Public Defenders, Norristown, for appellant.

Ross Weiss, First Assistant District Attorney, Elkins Park and William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erroneously denied his application to dismiss the charges against him pursuant to Rule 1100(f), Pa.R.Crim.P., 19 P.S. Appendix.[1] Because the incompleteness of the record precludes our review of this contention,[2] we remand for proceedings consistent with this opinion.

1. Rule 1100 is a rule of criminal procedure designed to implement and protect a defendant's constitutional right to a speedy trial. Rule 1100(f) provides: "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

2. Because of our disposition, we do not reach appellant's additional claim that the verdict was against the weight of the evidence.

The complaint in this case, charging appellant with possession of instruments of crime,[3] possession of implements of escape,[4] and criminal attempt,[5] was filed on July 21, 1976. According to Rule 1100(a)(2),[6] the Commonwealth had 180 days, or until January 17, 1977, in which to bring appellant to trial. On January 3, 1977, appellant requested a continuance of the time for trial. The Assistant District Attorney informed appellant that he would oppose the application unless appellant signed a waiver of his rights under Rule 1100. Appellant signed a waiver and the court ordered the case relisted for February 7, 1977. On March 8, 1977, the lower court denied appellant's Rule 1100(f) application. Trial commenced that day, 40 days after the expiration of the prescribed period. On March 9, 1977, the court found appellant guilty of the possessory offenses. The court sustained appellant's demurrer to the criminal attempt charge. On March 28, 1977, the court sentenced appellant to concurrent terms of imprisonment for not less than six months nor more than two years. The sentence was to be consecutive to the sentence that appellant was serving at the time. This appeal followed.

Appellant contends that in signing the waiver form, he waived only that period of time specified on the form. Because the form represented that the case would be listed on February 7, 1977, appellant admits that the period between January 3, 1977, and February 7, 1977, a total of 35 days, should be excluded from the calculation of the 180 day period. However, trial did not commence until 40 days after

3. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 907.

4. The Crimes Code, supra; 18 Pa.C.S. § 5122.

5. The Crimes Code, supra; 18 Pa.C.S. § 901.

6. Rule 1100(a)(2) provides: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

the expiration of the mandatory period. Consequently, appellant argues that the Commonwealth contravened Rule 1100(a)(2).

The Commonwealth responds that when appellant signed the waiver form, he waived not only the 35 day period, but also all future delays. Therefore, appellant cannot challenge the timeliness of his trial.

In its opinion in support of its denial of appellant's post-verdict motions, the lower court relied upon the signed waiver form to dispose of appellant's Rule 1100 contention. The court stated: "[D]efendant, with the assistance of counsel, signed a waiver of his rights to a prompt trial under [Rule 1100] on January 3, 1977 when defendant asked for and was granted postponement of his trial. . . . Defendant, having unequivocally waived his rights to a prompt trial in writing under Rule 1100, has failed to demonstrate that the delay was unreasonable or that he was prejudiced thereby."

It is apparent that the resolution of appellant's Rule 1100 claim hinges on an interpretation of the scope of the January 3, 1977 waiver. We must determine whether, in signing the waiver form, appellant knowingly consented to a complete waiver of his Rule 1100 rights, *Commonwealth v. Myrick,* 468 Pa. 155, 360 A.2d 598 (1976), or whether appellant consented only to a waiver of the period of time specified on the form when he signed it. *Commonwealth v. Coleman,* 241 Pa.Super. 450, 361 A.2d 870, fn.1 (1976). However, because the document has not been included in the record, we are unable to undertake this determination.

We confronted a similar situation in *Commonwealth v. Krall,* 249 Pa.Super. 433, 378 A.2d 373 (1977) in which appellant claimed that the lower court erroneously granted the Commonwealth's petition to extend the time for trial pursuant to Rule 1100(c).[7] In the lower court's order, it

7. Rule 1100(c) provides: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served

referred to a hearing on the petition. However, no notes of testimony appeared in the record. Therefore, we remanded to determine what evidence the Commonwealth produced at the original Rule 1100(c) hearing. Only upon completion of the record could we determine whether the Commonwealth had complied with Rule 1100. Similarly, in *Commonwealth v. Tome,* 248 Pa.Super. 242, 375 A.2d 78 (1977), we remanded because no transcription of the Rule 1100(c) hearing had been made.

Likewise, a remand of the instant case is required. At an evidentiary hearing, the lower court should reconstruct the circumstances surrounding appellant's waiver in order to ascertain its scope. Particularly, the court should focus its inquiry on the content of the form (if the original cannot be produced) and whether a date certain for the relisting of the trial was specified on the form before appellant affixed his signature.

If the lower court's decision, on remand, is adverse to appellant, he may appeal the order. On that appeal, he may also raise the issues properly presented and undecided in the instant appeal. *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975); *Commonwealth v. Strickland,* 457 Pa. 631, 326 A.2d 379 (1974).

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.

VAN der VOORT, J., concurs in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."