390 A.2d 232

**COMMONWEALTH of Pennsylvania**

v.

**Rickey CAMERON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided July 12, 1978.

David E. Auerbach, Assistant Public Defender, Media, for appellant.

D. Michael Emuryan, Assistant District Attorney, and Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

The only possibly meritorious issue raised on this appeal is whether the lower court erred in denying appellant's petition for discharge under Pa.R.Crim.P. 1100(f). We are unable to decide this issue on the present state of the record.

Appellant filed his petition 398 days after the complaint was filed against him on February 6, 1974. Under Rule 1100(a)(1), appellant should have been brought to trial within 270 days after the complaint was filed. To determine whether any of the 128 days beyond the 270th day are excludable requires an assessment of five continuances, each granted on a date set for trial.

While the record does contain five continuance forms, these forms are insufficient as a basis for deciding the effect of the continuances. We need a transcript of the hearing on

appellant's Rule 1100(f) petition, which transcript appellant's post verdict counsel appears to have failed to request.[*]

Under similar circumstances we have chosen to remand so that the record may be made complete. *See Commonwealth v. Gardner*, 253 Pa.Super. 233, 384 A.2d 1318 (1978); *Commonwealth v. Krall*, 249 Pa.Super. 435, 378 A.2d 374 (1977); *Commonwealth v. Tome*, 248 Pa.Super. 242, 375 A.2d 78 (1977). Here, if the transcript of the Rule 1100 hearing is available, the transcript must be added to the record. If, however, the lower court finds that the transcript is not available, the lower court should hold an evidentiary hearing to determine the circumstances of the continuances discussed above. In either event, the record is to be returned to this court for a determination of the merits of this appeal.

So ordered.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

[*] The docket does not indicate that a hearing was held. Counsel and the lower court appear to assume that a hearing was held on March 12, 1975, after which the petition was denied.